ESSEX COUNTY RETAIL LIQUOR STORES ASSOCIATION, APPELLANT, v. MUNICIPAL BOARD OF ALCOHOLIC BEVERAGE CONTROL OF THE CITY OF NEWARK, DIVISION OF ALCOHOLIC BEVERAGE CONTROL OF THE STATE OF NEW JERSEY, AND R. H. MACY CO., INC., T/A BAMBERGER'S, NEW JERSEY, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 31, 1960—Decided December 2, 1960.

Before Judges CONFORD, FREUND and KILKENNY.

*Mr. Leonard Brass* argued the cause for appellant (*Messrs. Brass & Brass,* attorneys).

*Mr. David M. Satz, Jr.,* Deputy Attorney General, argued the cause for respondent Division of Alcoholic Beverage Control (*Mr. David D. Furman,* Attorney General, attorney; *Mr. Samuel B. Helfand,* Deputy Attorney General, of counsel).

*Mr. Herbert D. Kelleher* argued the cause for respondent, R. H. Macy & Co., Inc., t/a Bamberger's, New Jersey (*Messrs. Lum, Fairlie & Foster,* attorneys; *Mr. William F. Tompkins,* of counsel; *Mr. Kelleher,* on the brief).

The opinion of the court was delivered by

FREUND, J. A. D.  This case involves the validity of a renewal plenary retail distribution license issued by the Board of Alcoholic Beverage Control of the City of Newark to the respondent, R. H. Macy Co., Inc., trading as Bamberger's, New Jersey, covering premises located at 109–135 Market Street, Newark, for the 1959–1960 licensing year. The basic question is the right to operate four different, physically-separated, liquor-selling areas in the store under a single license.

Petitioner had filed formal objection to the renewal of Bamberger's license and a public hearing was held by the Municipal Board.  The Board granted the license renewal, and petitioner appealed to the Director of the Division of

Alcoholic Beverage Control of the State of New Jersey. A hearing was then held before a hearing officer, who filed his recommendations with the Director. The Director, in granting the renewal, amended the recommendations only to the extent of prohibiting respondent from accepting orders for alcoholic beverages over its regular switchboard and requiring that all such telephoned orders be transferred directly to the liquor department. Petitioner files its present appeal from the conclusions and order of the Director.

It is noted, preliminarily, that the license here under attack expired on June 30, 1960. While the controversy might be considered moot at this point, see *Haulenbeek v. Borough of Allenhurst*, 136 *N. J. L.* 557, 560 (*E. & A.* 1948) ; *Fox v. Board of Education of Newark*, 129 *N. J. L.* 349, 354 (*Sup. Ct.*), affirmed 130 *N. J. L.* 531 (*E. & A.* 1943) ; 73 *C. J. S. Public Administrative Bodies and Procedure* § 190, *p.* 538, nevertheless, since the license has been renewed for the 1960–1961 licensing year and it may be assumed that application will be made in the future for renewal under the existing conditions, we conclude that a justiciable issue has been presented, and we will therefore exercise our jurisdiction on the merits.

The facts, substantially undisputed, are as follows. Bamberger's is a well-known, large department store in the City of Newark, occupying a multi-story building situated on a block bounded by Washington, Market, Halsey, and Bank Streets. Prior to the institution of this litigation, Bamberger's had operated its liquor department under a Class C plenary retail distribution license, permitting the sale of alcoholic beverages in original containers for off-premises consumption. *N. J. S. A.* 33:1–12(3a). From 1933 to the time of the instant litigation, the license was renewed annually without opposition. During this period there have been no violations of the Alcoholic Beverage Law, state regulations or municipal ordinances with respect to the licensed premises. In the standard application form for license renewal, filed as usual by respondent in seeking

its 1959–1960 permit, the following pertinent questions and answers appear:

"5. *Location of premises to be licensed:*
  Street and number  109–135 Market Street
  Municipality  Newark
  Post Office address  131 Market Street,
  Newark 1, New Jersey
\*        \*        \*        \*        \*        \*        \*        \*
6. (b) For what purpose used  Department Store
\*        \*        \*        \*        \*        \*        \*        \*
7. Will the entire building or buildings constitute the licensed premises?  No.
  (a) If not, specify in detail the floors and rooms which will constitute the licensed premises (where alcoholic beverages will be sold, served or stored)

First floor selling and stock space 2477 sq. ft. corner of Market and Washington Streets.  513 sq. ft. in center aisle—112 feet from Market Street entrance.

Fourth basement stock and wrapping space, adjacent to the building wall facing Market Street, near Halsey and Bank Street corner, 2760 square feet.

Basement selling space 252 sq. ft. at foot of down escalator in center of building.

Basement selling and stock area 448 sq. ft. on west side of building at entrance to tunnel under Bank Street."

As recited by Bamberger's in its application and as gathered from the proofs adduced at the hearing, respondent has four alcoholic beverage selling areas in its Newark building.  One area, on the first floor, is located at the Washington and Market Streets corner of the building, is set off from the rest of the store by glass doors, and bears the inscription, "Fine Wines and Liquors—The Smoke Shop."  There are two entrances to this area from the main floor and one from the lobby of the store.  The second selling area on the first floor is a center aisle located about 150 feet from the "Smoke Shop."  In the basement of the building, there are two selling areas and one storage space.  Each of these basement areas is isolated from the other, but is located amidst sales areas dispensing merchandise other than alcoholic beverages.  All areas selling alcoholic beverages are manned by separate sales personnel using separate cash registers.

Petitioner, in resisting the renewal of respondent's license, raises two basic contentions. It argues first that Bamberger's, by maintaining four separate selling areas on a single plenary retail distribution license, is in violation of that part of *N. J. S. A.* 33:1–26 which provides that "a separate license is required for each specific place of business and the operation and effect of every license is confined to the licensed premises." Secondly, petitioner asserts that it was not granted a fair hearing by the Municipal Board, in contravention of *R. S.* 33:1–24.

█ Renewal of a license rests in the sound discretion of the local issuing authorities and of the Director on appeal, and the courts will interfere only in cases where the exercise of that discretion is manifestly improper. *Nordco, Inc. v. State,* 43 *N. J. Super.* 277, 282 (*App. Div.* 1957). However, in situations such as the instant one, where the basic contentions are legal rather than factual, the reviewing court will subordinate the "discretion" of the administrator to an original consideration of the applicable rules of law. *Borough of Fanwood v. Rocco,* 59 *N. J. Super.* 306, 315 (*App. Div.*), affirmed 33 *N. J.* 404 (1960).

The principal question before us is whether each selling area in respondent's building is "a specific place of business" within the meaning of *N. J. S. A.* 33:1–26, requiring a separate license, or whether a single license for the entire building constitutes sufficient compliance with the statute. While the Alcoholic Beverage Law does not explicitly define "specific place of business," several of the other pertinent phrases are statutorily construed. "Building" is defined as a "structure of which licensed premises are or may be a part." *N. J. S. A.* 33:1–1(*c*). "Licensed building" is described as "any building containing licensed premises." *N. J. S. A.* 33:1–1(*j*). "Premises" are "the physical place at which a licensee is or may be licensed to conduct * * * the * * * sale of alcoholic beverages * * *," *N. J. S. A.* 33:1–1(*s*), while "licensed premises" comprise "any premises

for which a license under this chapter is in force and effect."
*N. J. S. A.* 33:1–1(*k*).

■ Our determination of whether Bamberger's selling areas constitute one "specific place of business" within the intendment of the statute should be made in the light of the obvious purpose of the "specific place of business" requirement, that is, to prevent the splitting of licenses and indirect avoidance of the maximum license limitations. We do not consider respondent's arrangement to be inimical to that purpose. Bamberger's is licensed to sell liquor at premises located at 109–135 Market Street, Newark. However, every application for renewal of that license has stated that "the entire building or buildings" will not "constitute the licensed premises," but has satisfactorily described "in detail the floors and rooms which will constitute the licensed premises * * *."

■■ It would thus seem clear that the "licensed premises," for which a single license is required, may consist of less than an entire "specific place of business." We do not find that a violation has been committed merely because respondent's "place of business" is a large establishment and, in order to accommodate its many customers conveniently and to provide distribution centers for the various grades of liquor sold, it has spaced its "licensed premises" throughout its "place of business." The license was awarded for the "place of business" indicated, and the sale of liquor was permitted in the square footage specified in the license application, the latter area constituting the "licensed premises." In Bamberger's Newark department store, various and sundry merchandise is offered for sale at separate sections and counters, but the business is operated by respondent as a single entity under its complete domination; each department in the store cannot realistically be regarded as "a specific place of business," separate and distinct from the others.

■ In essence, petitioner has confused the "specific place of business" requirement with the definition of "licensed

premises." The former refers to the physical establishment or structure at which the licensee's business is conducted; the latter has reference to that part of the place of business officially licensed for the sale of alcoholic beverages.

■ Since the particular point appears to be *res nova* in our courts, administrative construction of the relevant statute is entitled to great weight, especially when such construction is substantially contemporaneous with the enactment of the statute and is followed for many years. *Cino v. Driscoll*, 130 *N. J. L.* 535, 540 (*Sup. Ct.* 1943); *Passarella v. Board of Commissioners*, 1 *N. J. Super.* 313, 320 (*App. Div.* 1949); *Presbyterian Church of Livingston v. Division of Alcoholic Beverage Control*, 53 *N. J. Super.* 271, 276 (*App. Div.* 1958), certification denied 29 *N. J.* 137 (1959). Since 1935, the Director has interpreted *R. S.* 33:1–26, now *N. J. S. A.* 33:1–26, to require only one license under circumstances similar to those herein. For example, in *A.B.C. Bull. No.* 241, *item* 8 (1938), it was held that a single license could cover two social halls on the opposite sides of a public highway, one used in summer and the other in winter, if "so arranged and operated that they could be said to constitute a single place of business * * * ."

■ As an alternative to its primary contention, petitioner urges that if respondent requires only one license, then the entire store constitutes the "licensed premises" and Bamberger's must comply, with respect to the entire building, with Division and municipal regulations respecting the physical separation of the areas in which alcoholic and non-alcoholic merchandise is sold.

Petitioner has failed to distinguish between a plenary retail *consumption* license, *N. J. S. A.* 33:1–12(1), and a plenary retail *distribution* license, *N. J. S. A.* 33:1–12(3a), such as is here involved. Separation of alcoholic and non-alcoholic merchandise is mandatory only where liquor is consumed on the premises. In the case of a retail distribution license, separation is required only if a municipal ordinance

so directs. Petitioner has failed to bring to our attention any such regulating ordinance of the City of Newark, and we therefore assume that none exists.

█ Petitioner further contends that respondent has violated the provisions of State Regulation 20, Rule 16, and section 3 :17 of Ordinances of the City of Newark, requiring, respectively, that the current license certificate be "conspicuously displayed on the licensed premises in such plain view as to be easily read by all persons visiting such premises" and displayed "in such manner and place that it may be seen by anyone entering the licensed place of business." Bamberger's displays its license at its first-floor selling location at the Washington and Market Streets corner of its building. The determination of the Municipal Board and the Director that this constitutes sufficient display was clearly reasonable and should be upheld. The purpose of the display requirement is fulfilled when the certificate is openly in view of those entering the place of business containing the licensed premises.

█ Petitioner next argues that it was not afforded a fair public hearing by the Municipal Board on its objections to respondent's renewal application, in violation of State Regulation No. 6, Rule 2, and *R. S.* 33 :1–24. To support its allegations that the Board prejudged the case, petitioner points to the following statements by the chairman of the hearing board at the start of the hearing:

"It was the opinion of this Board, in the light of our consistency in renewing the license from year to year, that certainly it may be advisable for us to proceed with the renewal and permit this whole matter to be placed in the hands of the State Director on an appeal from your group, Mr. Brass, because we could see no way, in fairness to our previous decisions, that we can say it was unjustifiable for us to renew during all the years and now to say not to renew it.

*   *   *   *   *   *   *   *

Commissioner Cerefice: Let me interrupt you for a moment. As long as you want to have a record, let's proceed orderly, let us hear from Mr. Niebling and then we will hear you and then the Board will render its decision.

You know, of course, what the Board has decided to do and in order to make the record clear, on appeal, state all of your contentions to be decided."

While we disapprove of prejudgment of any cause prior to hearing, notwithstanding that in this particular instance respondent's license had been previously renewed without objection, the error was not here prejudicial to petitioner. *Cf. Boots 'n Saddle v. Newark Municipal Board, A.B.C.,* 44 *N. J. Super.* 38, 41 (*App. Div.* 1957). The facts of this cause were not in dispute and the basic contentions of the parties were legal in nature. The Director, on appeal, conducted a *de novo* hearing and made the necessary determination of the issues litigated. His conclusion and order are the sole subject of this appeal. *Passaic County Retail Liquor Dealers Association v. Board of Alcoholic Beverage Control of Paterson,* 37 *N. J. Super.* 187, 197 (*App. Div.* 1955); *Neiden Bar and Grill v. Municipal Bd., etc. of Newark,* 40 *N. J. Super.* 24, 29 (*App. Div.* 1956).

Petitioner has had a full opportunity to be heard on the facts and the law.

Affirmed.