ELIZABETH A. MOAN, *ET AL.*, PLAINTIFFS-APPELLANTS, v. WARREN COOMBS, DEFENDANT-RESPONDENT, AND UNSATISFIED CLAIM AND JUDGMENT FUND, RESPONDENT.

Argued June 7, 1966—Decided June 27, 1966.

*Mr. Edward S. Miller* argued the cause for plaintiffs-appellants (*Messrs. Gant & Miller,* attorneys).

*Mr. Max Spinrad,* Deputy Attorney General argued the cause for respondent Unsatisfied Claim and Judgment Fund (*Mr. Arthur J. Sills,* Attorney General, attorney).

No appearance made or brief filed for defendant-respondent Warren Coombs.

The opinion of the court was delivered

PER CURIAM. Plaintiffs, residents of Pennsylvania and occupants of a motor vehicle registered in that state, sustained damages when the vehicle was involved in a collision in Millville, New Jersey, with an uninsured automobile owned and operated by the defendant, a resident of this State. They obtained a judgment against him for their damages and sought payment thereof from the Unsatisfied Claim and Judgment Fund. *N. J. S. A.* 39:6–69, 70 and 71. The trial court denied the application because plaintiffs, although meeting all other requirements of the fund law, were not "qualified persons" entitled to its benefits, by reason of their residence in a jurisdiction which does not afford New Jersey residents substantially similar recourse. The pertinent statutory provision is found in *N. J. S. A.* 39:6–62, reading:

" 'Qualified person' means a resident of this State or the owner of a motor vehicle registered in this State or a resident of another State, territory, or Federal District of the United States or Province of the Dominion of Canada, or foreign country, in which recourse is afforded, to residents of this State, of substantially similar character to that provided for by this act."

■■ Plaintiffs contended below, as they do here, that the provision violates the equal protection clause of the Fourteenth Amendment to the United States Constitution by limiting the benefits of the fund to residents of New Jersey and reciprocating states. In fact, they claim that the restriction would be invalid even if recourse to the fund were confined to New Jersey residents alone. Because of the constitutional question thus presented, we granted plaintiffs' applica-

tion to certify their appeal while pending unheard in the Appellate Division. *R. R.* 1:10–1A.

■■ We can find no substance in plaintiffs' position. The Unsatisfied Claim and Judgment Fund Law was enacted to provide some measure of financial recompense to New Jersey residents who suffer personal injuries or property damage on its highways caused by financially irresponsible and uninsured motorists. The fund is derived entirely from (1) additional fees imposed upon the registration in New Jersey of uninsured motor vehicles and (2) a levy upon motor vehicle liability insurers authorized to do business in this State represented by a percentage of the premiums on their New Jersey business. *N. J. S. A.* 39:6–63. Payments therefrom are subject to numerous conditions, *N. J. S. A.* 39:6–70, and financial limits, *N. J. S. A.* 39:6–69 and 73, — matters well within the sphere of legislative discretion in the interest of sound policy and to keep the program within a tolerable cost. It is no violation of equal protection that the plan might have been made more expansive or inclusive. We see no constitutional requirement in these circumstances that New Jersey must confer a favor by gratuitously extending the benefits of the legislation to any nonresidents. The fact that it has done so to residents of states having reciprocal legislation, thereby to encourage enactments awarding similar benefits to New Jerseyans injured or damaged by irresponsible motorists in other states, does not taint the "qualified person" provision of our law. In the conventional terminology of the equal protection cases, we can find no "invidious discrimination" in the classifications imposed by the qualification provision in question. Indeed, they are entirely rational and appropriate. *Cf. Robson v. Rodriquez*, 26 *N. J.* 517 (1958).

The judgment is affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For reversal*—None.