96 N.J. Super. 91 (1967)
232 A.2d 468
EVELYN G. BROWN, GUARDIAN AD LITEM FOR PHYLLIS BROWN AND JULIE BROWN, PLAINTIFF,
v.
UNSATISFIED CLAIM AND JUDGMENT FUND BOARD OF THE STATE OF NEW JERSEY, AND JACK E. MEREDITH, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided June 20, 1967.
Messrs. Hoffmann, Humphreys & Lafer, attorneys for plaintiff.
*92 Mr. Arthur J. Sills, Attorney General (Mr. James S. Oliver, Deputy Attorney General, appearing), for defendant, Unsatisfied Claim and Judgment Fund Board.
CRANE, A.J.S.C.
This is an action brought under the provisions of N.J.S. 2A:16-50 et seq. The essential facts have been admitted and the matter has been presented to the court on the basis of the admitted facts and oral argument. Plaintiffs seek a judgment declaring that the Unsatisfied Claim and Judgment Fund Law, N.J.S.A. 39:6-61 et seq., permits payments for injuries inflicted outside of the State of New Jersey resulting from the negligent operation of an uninsured vehicle registered in New Jersey if the claimant is a resident of a state which provides recourse to New Jersey residents of a character substantially similar to that provided by the New Jersey law.
At the time of the incident, April 16, 1960, plaintiffs were residents of Maryland. They were injured in Pennsylvania as the result of a collision between their automobile and an automobile driven by a New Jersey resident, one Jack E. Meredith, who was driving an uninsured vehicle registered in New Jersey. The plaintiffs have recovered judgments against Meredith in the United States District Court for the District of New Jersey and have sought payment from the Unsatisfied Claim and Judgment Fund without success.
The Unsatisfied Claim and Judgment Fund Board (hereinafter "Board") contends that it is authorized to make payments only in cases where the injuries occurred in this State.
Much argument has been presented as to whether plaintiffs are "qualified persons" under the New Jersey law. N.J.S.A. 39:6-62 provides that:
"`Qualified person' means a resident of this State or the owner of a motor vehicle registered in this State or a resident of another State * * * in which recourse is afforded, to residents of this State, of substantially similar character to that provided for by this act."
*93 The Maryland provisions appear to be substantially similar to those prevailing in this State. Some of them are in fact identical, such as the definition of the term "qualified person." Md. Anno. Code, Md. Art. 66 1/2, § 150(g). But this is not dispositive. While a Maryland resident who is injured in New Jersey by an uninsured New Jersey driver may be a "qualified person" under our law because Maryland would afford similar protection to a New Jersey resident injured in Maryland, see Betz v. Director, Div. of Motor Vehicles, 27 N.J. 324 (1958), the central issue of intended territorial application remains.
The crucial language to be construed is found in several sections of the statute. N.J.S.A. 39:6-65 provides that "Any qualified person * * * who suffers damages * * * arising out of the ownership, maintenance or use of a motor vehicle in this State * * * shall * * * give notice to the board." (Emphasis supplied). N.J.S.A. 39:6-69 provides that a "qualified person" who has recovered a judgment for injury "arising out of the ownership, maintenance or use of the motor vehicle in this State" may apply for an order directing payment out of the Fund. Similar phraseology is used in N.J.S.A. 39:6-78, 79 and 80.
The ultimate question is whether plaintiffs' injuries inflicted in Pennsylvania by an uninsured vehicle registered in New Jersey can be said to have arisen out of the ownership, maintenance or use of a motor vehicle in this State. Plaintiffs have not dealt semantically with this language in their argument. Plainly, their injuries incurred in Pennsylvania and did not arise out of the use of the defendant driver's vehicle in New Jersey. They arose out of the use of the vehicle in Pennsylvania. No argument is made that maintenance of the vehicle in New Jersey in any way contributed to the unfortunate collision. They do not even suggest that the accident arose out of the ownership of the defendant driver's vehicle in New Jersey. Their argument is mainly based on the proposition that their objective would be socially *94 desirable. It is urged that a liberal construction (see Corrigan v. Gassert, 27 N.J. 227 (1958)) be employed.
The scant legislative history is of little help. However, there has been a history of administrative interpretation consistent with the position now taken by the Board. In 1958 then Deputy Attorney General Botter assigned to advise the Board raised the question of the territorial coverage afforded by the statute. Frederick J. Gassert, then Director of the Division of Motor Vehicles and a member of the Board, replied that the use of "the preposition `in' as used in the statute is locative in its sense and refers solely to the location of the accident." At its meeting of November 18, 1958 the Board "advised the Manager to continue the present policy of interpreting the law as applying only to accidents occurring within New Jersey."
Although an administrative interpretation contrary to the plain intent of a statute will not be followed, nevertheless where ambiguity exists, as may be the case here, an administrative interpretation followed for a substantial period of time without any attempt by the Legislature to amend the statute is entitled to considerable weight. Essex County Retail Stores Ass'n v. Municipal Board of Beverage Control, of City of Newark, 64 N.J. Super. 314 (App. Div. 1960).
It is interesting to note that the Law Department of the State of Maryland has rendered an opinion to the Unsatisfied Claim and Judgment Fund Board of that state to the same effect. By letter dated August 17, 1959, the Attorney General of Maryland ruled as follows:
"Section 154 of Article 66 1/2, Annotated Code of Maryland (1957 Ed.), states that any qualified person who suffers damages resulting from bodily injury or death or damage to property `arising out of the ownership, maintenance or use of a motor vehicle in this State,' may file under the Act.
The injury or damage must arise out of the use of the motor vehicle in the State of Maryland and not in another State. The injury in this case arose out of the use of the motor vehicle in Pennsylvania and a claim resulting from an accident occurring in another State would not *95 be covered by the Maryland Unsatisfied Claim and Judgment Fund Act."
It may be a socially desirable objective for the State of New Jersey to pay for damages arising out of the ownership, operation or maintenance of an uninsured motor vehicle registered in this State wherever the injury or damage may take place. The Legislature, however, has not stated an intention to do so. Its creature, the Board, has taken an administrative position contrary to the declaration of law plaintiff seeks to have this court declare.
For the reasons stated it is concluded that plaintiffs have failed in their burden of persuasion. Judgment will be entered in favor of defendant Board.