SALVATORE LASCARI, JR., PLAINTIFF-RESPONDENT, v. JOSEPH IANNACI AND ALBERT IANNACI, DEFEND-ANTS.

Argued May 19, 1970—Decided June 22, 1970.

318

[REDACTED]

*Mr. Norman S. Costanza* argued the cause for intervenor Unsatisfied Claim and Judgment Fund Board.

*Mr. Joseph E. Fish* argued the cause for respondent.

The opinion of the court was delivered by

WEINTRAUB, C. J.   The question is whether the owner of a stolen car may collect from the Unsatisfied Claim and Judgment Fund (Fund) for damages to that car caused by the negligence of the thief. The trial court held the owner may recover, and we certified the Fund's appeal before argument in the Appellate Division.

██ We think the claim is not within the Unsatisfied Claim and Judgment Fund Law, *N. J. S. A.* 39 :6–61, *et seq*. The statute deals with property damage caused by an automobile operated without liability insurance coverage. It does not cover the owner's interest in that automobile. That the statute contemplated payment of property damage caused *by* such an automobile rather than damage *to* that automobile is evidenced by the phrasing of several of its sections.

*N. J. S. A.* 39 :6–69, which deals with the application for payment by the Fund, speaks of the recovery of a judgment by a qualified person

against any other person, who was the operator or owner of a motor vehicle * * * *for damages to property*, except property of others in charge of such operator or owner or such operator's or owner's employees, arising out of the ownership, maintenance or use *of the motor vehicle* in this State * * *. (Emphasis added.)

The italicized language distinguishes between the offending vehicle, if we may so characterize it for present purposes, and the damage inflicted by its use upon other property. It is the damage to such other property which is the subject of the application for payment with which this section deals. The intervening phrase "except property of others in charge of such operator or owner or such operator's or owner's employees" tends to emphasize the legislative intent to differentiate the offending automobile from the property of third persons damaged by its use, for the exception excludes coverage even with respect to property of others if such property is in the charge of the operator or owner of the uninsured vehicle.

The same thesis is revealed in *N. J. S. A.* 39 :6–65, which deals with the giving of notice of accident and intention to file a claim against the Fund and which speaks of a qualified claimant "who suffers * * * *damage to property* arising out of the ownership, maintenance or use *of a motor vehicle*." Again, the damage described by the statute is to

property other than the motor vehicle, the use of which gave rise to the claim. The same differentiation appears in *N. J. S. A.* 39:6–72, which deals with settlements of claims for which the Fund is liable and speaks of the settlement of an "action against an operator or owner of a motor vehicle * * * for *damage to property* arising out of the ownership, maintenance or use *of said vehicle."*

The legislation was not prompted by the fact that some owners did not insure their property interest in their own automobiles. The evil was the failure to carry insurance to protect third parties who were negligently injured. Thus *N. J. S. A.* 39:6–70, which deals with what a claimant must prove to recover from the Fund, requires the claimant to show:

(f) The judgment debtor at the time of the accident was not insured under a policy of automobile liability insurance under the terms of which the insurer is liable to pay in whole or in part the amount of the judgment.

This provision reflects the central purpose to provide the kind of protection a liability insurance policy would provide.[1] The usual liability policy does not provide for damage to the car itself. Rather a "collision" policy covers that loss.

Hence we cannot find that a statutory plan, which deals with "uninsured" vehicles, *i. e.,* vehicles not covered by a "liability" policy, was intended also to protect the property interest of the owner of every vehicle not covered by "collision" insurance. We could see no difference in this regard between a situation in which the uninsured driver was a thief and the situation in which the uninsured driver was permitted or even employed by the owner to drive the

---

[1]We should not be understood to be dealing here with the problem of intentional injury. See *Proskurnja v. Elder,* 73 *N. J. Super.* 466 (Law Div. 1962).

car. Both situations are equally beyond the basic concept of the statute, *i. e.*, to protect third parties with respect to injuries or damages caused *by* the uninsured vehicle.

We are aware of the conflicting results reached in provinces of Canada, the cases there apparently turning on the statutory phrasing. See *Current Trends in State Legislation, 1953–1954,* University of Michigan Law School Legislative Research Center, pp. 81–83.

The judgment is reversed and the matter is remanded to the trial court with direction to enter judgment for the Fund.

*For reversal and remandment*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.