113 N.J. Super. 84 (1971)
272 A.2d 761
ROBERT STUPIN, PLAINTIFF-RESPONDENT,
v.
PRIMITIVO SANCHEZ, DEFENDANT-APPELLANT. UNSATISFIED CLAIM AND JUDGMENT FUND BOARD, APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 12, 1971.
Decided January 21, 1971.
*85 Before Judges KILKENNY, HALPERN and LANE.
Mr. Martin L. Sisselman argued the cause for appellants (Messrs. James & Addas, attorneys).
Mr. Stephen Mongiello argued the cause for respondent.
The opinion of the court was delivered by HALPERN, J.A.D.
The narrow legal issue presented is whether plaintiff, a New Jersey uninsured motorist, may compel payment by the Unsatisfied Claim and Judgment Fund Board (Fund) of a judgment obtained against defendant, also a New Jersey uninsured motorist, who ran over plaintiff while plaintiff was changing a flat tire on his car.
This appeal is from the order requiring the Fund to pay the judgment. We reverse.
To enable an uninsured motorist to collect a judgment from the Fund he must show, among other things, that:
He was not at the time of the accident, operating or riding in an uninsured motor vehicle owned by him or his spouse, parent or child, and was not operating a motor vehicle in violation of an order of suspension or revocation, (N.J.S.A. 39:6-70(d))
The trial judge determined "that the plaintiff was not the operator of his car when injured" because it was neither operable nor was he in it when injured. This was too narrow a construction of the statute.
Plaintiff was on his way home from work when his left front tire went flat on the Pulaski Skyway. Rather than abandon the car, he proceeded to fix the flat and was injured while doing so. Fixing the flat tire was part of operating the car to enable plaintiff to get home. It is true the *86 car was at a temporary standstill but nevertheless he was still operating an uninsured motor vehicle owned by him within the proscription of the statute. See Robson v. Rodriquez, 26 N.J. 517, 524-525 (1958); Gilbert v. Unsatisfied Claim and Judgment Fund Board, 85 N.J. Super. 143 (App. Div. 1964), certif. den. 44 N.J. 403 (1965); Lascari v. Iannaci, 56 N.J. 317 (1970).
Reversed and remanded with directions to enter judgment for the Fund.