127 N.J. Super. 458 (1974)
317 A.2d 759
MARY R. OBST, PLAINTIFF,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, DEFENDANT-RESPONDENT, AND UNSATISFIED CLAIM AND JUDGMENT FUND BOARD, AND RAY J. MARINI, DIRECTOR OF THE DIVISION OF MOTOR VEHICLES OF THE STATE OF NEW JERSEY, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 7, 1974.
Submitted for Determination March 18, 1974.
Decided April 3, 1974.
*459 Before Judges COLLESTER, LYNCH and MICHELS.
No one argued the cause on behalf of appellants (Messrs. Shapiro, Brotman, Eisenstadt & Capizola, attorneys; Mr. Michael D. Capizola, on the brief).
Mr. William R. Powers, Jr., argued the cause for respondent (Messrs. Moss & Powell, attorneys).
PER CURIAM.
The judgment of the Chancery Division is affirmed essentially for the reasons set forth in the opinion of Judge Bischoff.
However, we deem it appropriate to point out that with respect to the holding of the court below, that plaintiff is left to pursue her rights against the Unsatisfied Claim and Judgment Fund Board, plaintiff is a "qualified person" within the meaning of N.J.S.A. 39:6-62. The term "qualified person" is defined by N.J.S.A. 39:6-62, as follows:
"`Qualified person' means a resident of this State or the owner of a motor vehicle registered in this State or a resident of another State, territory, or Federal district of the United States or Province of Canada or of a foreign country, in which recourse is afforded, to residents of this State, of substantially similar character to that provided for by this act; provided, however, that no person shall be a qualified person where such person is an insured under a policy provision providing coverage for damages sustained by the insured as a result of the operation of an uninsured motor vehicle in a form authorized to be included in automobile liability policies of insurance delivered or issued for delivery in this State, pursuant to the provisions of, or any supplement to, chapter 28 of Title 17 of the Revised Statutes or in a form substantially similar thereto." (Emphasis added).
The court below found that plaintiff did not meet the requirements of corroboration and reporting to the police as required by the uninsured motorist endorsement to the policy of insurance issued to her by State Farm Mutual Automobile Insurance Company, and that she did not have any right to *460 recover on that endorsement. Thus, the uninsured motorist endorsement issued to plaintiff did not provide coverage to her for the damages she sustained as a result of the operation of an uninsured motor vehicle, and therefore she was not a person insured under any such policy of insurance. Accordingly, plaintiff does not fall within the statutory exclusion to the definition of "qualified person" set forth in N.J.S.A. 39:6-62 and is entitled to maintain her action against the Director of Motor Vehicles pursuant to the provisions of N.J.S.A. 39:6-78.
Affirmed.