ISABELLE BELTRAN AND EDUARDO BELTRAN, HER HUSBAND, PLAINTIFFS, v. JOHN DOE, AN UNKNOWN DRIVER, AND THE UNSATISFIED CLAIM AND JUDGMENT FUND, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided November 17, 1976.

*Mr. Frederick A. Jacob* for plaintiffs (*Messrs. Lipman, Antonelli, Batt & Dunlap,* attorneys).

*Mr. John L. Slimm* for defendant (*Messrs. Orlando, Forgash & Slimm,* attorneys).

MILLER, J. C. C., Temporarily Assigned. This is a motion for dismissal of plaintiffs' complaint and to preclude payment by the Unsatisfied Claim and Judgment Fund Board. Plaintiff was involved in a one-car accident on May 5, 1974, when she claims to have been confronted by a car travelling toward her in the center of the road. She was forced onto the shoulder where she lost control of the car and slammed into a telephone pole. On August 2, 1974 plaintiff's attorney mailed a letter to the Fund informing it that plaintiff was going to proceed in arbitration against her insurer under her uninsured motorist policy provisions. The letter also stated that if plaintiff failed in arbitration, she would then proceed against the Fund. Upon receipt of this letter the Fund sent plaintiff's attorney a form entitled, "Notice of Intention to Make Claim," which plaintiff's attorney completed and mailed on November 14, 1974. On February 7, 1975 plaintiff filed a demand for arbitration. The arbitration was heard on April 23, 1976. On June 3, 1976 the arbitrator decided in favor of plaintiff's insurer. Within 24 hours plaintiff notified the Fund by telephone that she would proceed against it. On July 20, 1976 a complaint was filed and served against the director of the Fund.

Defendant pursues two theories in its motion. One is that plaintiff instituted the suit after the statute of limitations had run, and therefore should be barred from suit. *N. J. S. A.* 2A:14–2. The second is that plaintiff should not be

able to proceed against the Fund because coverage and the notice required by statute was not provided to the Fund in a timely fashion. *N. J. S. A.* 39:6–65.

The first issue which must be dealt with is the running of the statute of limitations. *N. J. S. A.* 2A:14–2 provides a two-year statute of limitations for personal injuries caused by a "wrongful act, neglect or default * * *".

Counsel for plaintiff cites *Condit v. Director of Motor Vehicles,* 98 *N. J. Super.* 295 (App. Div. 1967), certif. den. 51 *N. J.* 275 (1968), in support of his contention that the statute of limitations should not be strictly enforced. That case, however, deals with the specific provisions of *N. J. S. A.* 39:6–79. That section allows institution of suit against the Director of Motor Vehicles if the plaintiff fails to recover in a prior action on either the basis that the identity of the vehicle, owner and operator has not been established, or, the basis that the vehicle was in the possession of someone without the consent of the owner and the identity of the operator is not established. Under that section suit may be brought against the Director within three months of the entry of judgment in the first action. The court in *Condit* held that in that situation suit could properly be filed within the three-month period even if the statute of limitations had run.

The instant case differs factually from *Condit.* No prior action has been brought. Plaintiff cannot rely on a specific statutory provision which would allow a less strict enforcement of the statute of limitations.

Plaintiff also cites *Erickson v. McGaskill,* 110 *N. J. Super.* 325 (App. Div. 1970), certif. den. 57 *N. J.* 126 (1970), in which the Fund appealed an order to pay a judgment. A verdict had been entered against an uninsured motorist in a suit in which the motorist's employer had not been joined. The court held that the decision of plaintiff's attorney not to join the employer was reasonable and therefore held the Fund was required to satisfy the judgment. This presents a different situation. In the case at bar plaintiff's decision

as to the proper time to bring suit was not discretionary, but rather was controlled by a specific statutory provision.

Plaintiff also cites *Banks v. Walls,* 132 *N. J. Super.* 567 (Law Div. 1975), which presented a situation in which the Fund alleged that it had not received a copy of the complaint pursuant to *N. J. S. A.* 39:6–65. The court held that this did not relieve the Fund of its obligation to plaintiff. But it also noted that the case was filed before the statute of limitations had run.

Plaintiff next claims that the Fund should be estopped from raising the statute of limitations as a defense. For this claim she relies on *Friedman v. Friendly Ice Cream Co.,* 133 *N. J. Super.* 333 (App. Div. 1975) and *Peloso v. Hartford Fire Ins. Co.,* 56 *N. J.* 514 (1970). Those cases involve suits by plaintiffs against insurance companies who were involved in protracted negotiations with plaintiffs. *Peloso* was a fire insurance case in which the court held that the statute of limitations was tolled from the time plaintiffs gave notice to its insurer and negotiations began until liability was declined by the insurer. In *Friedman* plaintiff injured his tooth on a peach pit while eating a dish of ice cream. The court applied the reasoning in *Peloso* to hold that summary judgment was inappropriate in a situation where an insurer was charged with admitting liability but negotiating only as to the amount of settlement.

In both *Peloso* and *Friedman* plaintiffs had been negotiating directly with an insurer who became the defendant in the action in which the defense of the statute of limitations was raised.

The instant case presents a different fact situation. Plaintiff had been carrying on negotiations with her insurer. While it is claimed that the Fund had notice that a claim might be brought against it, no complaint had in fact been filed. The insurer had not admitted liability, but had rather agreed to a submission of the plaintiff's claim to an arbitrator. When it appeared that the arbitration was going to take a longer time than originally anticipated, plaintiff

had the option of bringing an action against the Fund and asking for the proceedings in the case to be stayed pending the outcome of the arbitration. No formal negotiations were being carried on with the Fund. Indeed, no complaint had been filed to negotiate. The Fund's position with respect to the arbitration was one of a bystander. It may have been kept informed of the proceedings, but until a claim was directed against it it was not a participant. The Fund was in no way responsible for the length of time that the arbitration took, nor the amount of time between the accident and the time a complaint was filed against it. For these reasons, the rulings in *Peloso* and *Friedman* are inapplicable here. This is not an appropriate situation for invoking equitable estoppel. Therefore, the Fund's motion is granted.

█ It is also helpful to look at the Fund's second argument which is that plaintiff's recovery from the Fund is barred from the existence of her own insurance coverage and failure to give proper notice under *N. J. S. A.* 39:6-65. It argues that under the reasoning of *Exem v. Marrow,* 112 *N. J. Super.* 570 (Law Div. 1970) plaintiff is precluded from pursuing the Fund when she is covered by her own insurance. The court in *Exem* held that the definition of "qualified person" in *N. J. S. A.* 39:6-62 was constitutional. That definition excludes from coverage under the statute those persons who are "insured under a policy provision providing coverage for damages sustained by the insured as a result of the operation of an uninsured motor vehicle in a form authorized to be included in automobile liability policies of insurance delivered or issued for delivery in this State, pursuant to the provisions of, or any supplement to, chapter 28 of Title 17 of the Revised Statutes, or in a form substantially similar thereto." *N. J. S. A.* 39:6-62. The court in *Exem,* held that if insurance coverage was available, that coverage must be pursued rather than a claim against the Fund. Later cases have held, however, that if claims are not satisfied against an insurer, a plaintiff may pursue his claim against the Fund. See *Obst v. State Farm Mut. Auto.*

*Ins. Co.,* 127 *N. J. Super.* 458 (App. Div. 1974), and *Jones v. Heymann,* 127 *N. J. Super* 542 (App. Div. 1974). Therefore, a claim against the Fund is appropriate when proceedings against an insurer have failed.

*N. J. S. A.* 39:6–65 requires notification to the Fund of accidents in order to later be able to apply for payment from the Fund. The form and content of the notice are to be prescribed by the board. The notice is to be given within 90 days of the accident. The date the notice is mailed is the applicable date for determining whether it falls within the time limit. *Gervolino v. Porter,* 75 *N. J. Super.* 246 (App. Div. 1962).

Plaintiff in the present case mailed a letter to the Fund notifying it that if she failed at arbitration, she would then proceed against the Fund. The letter was mailed at the end of the 90-day period. The form which the Fund sent to plaintiff's attorney in response to the letter was not completed until well after the 90 days had passed. Plaintiff contends that the letter was sufficient notice and relies for that position on *Watford v. Unsatisfied Claim & Judgment Fund Bd.,* 113 *N. J. Super.* 495 (Law Div. 1971). In that case there was an accident of February 8, 1969. A complaint was filed on February 24, 1969, against an uninsured motorist. On March 13, 1969, a copy of the complaint and a letter were sent to the board. The letter noted the assumption of plaintiff's attorney that the Fund would defend the action unless otherwise notified. On May 29 the Fund wrote to plaintiff's attorney stating that the formal notice of intention had not been filed and therefore the Fund would "be unable to assist" plaintiff. In that situation the court denied summary judgment to the Fund, finding that the Fund had received ample notice to form a defense to the action and that the Fund failed to affirmatively reject the claim.

The instant case presents factual differences from *Watford.* In this case the letter "notifying" the Fund of the claim was sent at the end of the 90-day period, leaving no time for the Fund to respond and reject the notice. The

letter included very little of the information required by the board, and was insufficient to allow the board to form a defense. Therefore, it did not comply with the statutory requirement for notice.

There are two statutory exceptions given to the notice requirement in *N. J. S. A.* 39:6-65. One is when the plaintiff is physically incapable of giving notice within 90 days. That excepton is inapplicable in this case. The other exception is when the plaintiff gives notice to the Fund within 15 days of receiving notice that an insurer had disclaimed on a policy. This case does not present a situation where an insurer has actually disclaimed coverage. Rather the insurer submitted to arbitration and was discharged of liability.

Even if the court were to find that the 15-day notice requirement should apply under the exception to the rule requiring notice, the statute of limitations has run. Therefore, the Fund's request for an order dismissing the complaint and precluding payment is granted.