155 N.J. Super. 264 (1978)
382 A.2d 693
ISABELLE BELTRAN, ET VIR., PLAINTIFFS-APPELLANTS,
v.
JOHN A. WADDINGTON, DIRECTOR OF THE DIVISION OF MOTOR VEHICLES, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted November 7, 1977.
Decided January 12, 1978.
*265 Before Judges CONFORD, MICHELS and PRESSLER.
Messrs. Lipman, Antonelli, Batt & Dunlap, attorneys for appellants (Mr. Frederick A. Jacob on the brief).
*266 Messrs. Orlando, Forgash & Slimm, P.A., attorneys for respondent (Mr. John L. Slimm on the brief).
The opinion of the court was delivered by PRESSLER, J.A.D.
This appeal requires us once again to consider the relationship between the Unsatisfied Claim and Judgment Fund Law, N.J.S.A. 39:6-61 et seq., and an uninsured motorist endorsement to an automobile liability policy issued pursuant to N.J.S.A. 17:28-1.1. The precise question before us is whether a motorist who is statutorily disqualified from proceeding against the Fund because of his uninsured motorist (U.M.) coverage is subsequently relieved of that disqualification by reason of an arbitration award holding that he is not entitled to recover against his own carrier under that coverage.
Summary judgment was entered below dismissing plaintiffs' amended complaint against John Doe, the alleged unknown driver, and the Director of the Division of Motor Vehicles (Director) by which they sought recovery from the Fund for injuries allegedly sustained by the female plaintiff in May 1974, when the automobile she was driving was forced off the road by another car, hitting a tree. It is undisputed that neither that other car, its owner nor its driver was ever identified and continue to be unknown to this day. In short, this was a classic "no-contact hit-and-run" accident. Within 90 days thereafter plaintiff gave some form of notice thereof to the Fund,[1] advising it further that she would proceed to seek recovery pursuant to her U.M. coverage. She accordingly did make an appropriate claim to her carrier under that coverage, which was ultimately submitted to arbitration. There was, however, an untoward delay in the conclusion *267 of the arbitration for which each party thereto bore some responsibility, and the award was not made until June 3, 1976, more than two years following the accrual of her cause of action against the unknown driver. The award merely stated, without any reasons being given, that plaintiff's claim was denied in its entirety. This action, brought against both the unknown driver and the Director pursuant to N.J.S.A. 39:6-78, was commenced shortly after the arbitrator's award was rendered. Defendants moved for summary judgment, claiming that the action against the unknown driver and hence against the Director as well, was barred by the running of the two-year statute of limitations. The court agreed. We, however, do not reach the limitations question, having concluded that the action is in any case barred because plaintiff neither was nor became a qualified claimant within the intendment of the Unsatisfied Claim and Judgment Fund Law.
N.J.S.A. 39:6-62 provides that
* * * no person shall be a qualified person where such person is an insured under a policy provision providing coverage for damages sustained by the insured as a result of the operation of an uninsured motor vehicle in a form authorized to be included in automobile liability policies of insurance delivered or issued for delivery in this State, pursuant to the provisions of, or any supplement to, chapter 28 of Title 17 of the Revised Statutes or in a form substantially similar thereto.
Where the alleged tortfeasor is an unknown driver, N.J.S.A. 39:6-78 permits an action to be brought directly against the Director only by a qualified person. At the time the cause of action originally accrued plaintiff, by reason of the above-quoted language, was concededly not qualified. Did she become qualified by virtue of the failure of her claim against her own carrier under the U.M. coverage? We think not.
We adhere to the view we have heretofore expressed in Pasterchick v. Insurance Co. of No. America, 150 N.J. *268 Super. 90 (App. Div. 1977), namely, that the evident intent of the Legislature in mandating U.M. coverage was to relieve the Fund's serious financial pressures by requiring exclusively remedial parallel coverage against the negligence of uninsured and unknown motorists to be provided by one's liability carrier. And for that reason we there concluded that the scope of the protection afforded by U.M. insurance coverage must be the same, without any diminution or qualification, as the protection afforded by the Fund. That legislative intent in adopting the uninsured motorist coverage provision of N.J.S.A. 17:28-1.1 precludes, in our view, a statutory construction whereby the Fund and the U.M. coverage are deemed to provide alternatively available remedies to the extent that the Fund may be resorted to if there is a failure of recovery under the U.M. coverage. Accordingly, we hold that where there is U.M. coverage, that coverage provides the exclusive remedy. The Fund does not function as a back-up possibility. Hence a person disqualified from Fund recovery by reason of U.M. coverage remains disqualified despite the ultimate failure of recovery on the merits under that coverage. The reason for the failure of recovery under the U.M. coverage is immaterial. If the reason is because of a scope of coverage improperly less expansive than Fund protection, the plaintiff's remedy is against his own insurer to compel proper coverage. If the reason relates to the merits of the claim, then considerations of essential fairness as well as collateral estoppel would militate against permitting plaintiff to relitigate those issues against the Fund.
We are aware that this holding disagrees with the conclusion we earlier reached in Obst v. State Farm Mut. Auto. Ins. Co., 127 N.J. Super. 458 (App. Div. 1974). Obst, however, depended on the reasoning more fully developed in Jones v. Heymann, 127 N.J. Super. 542 (App. Div. 1974). Pasterchick v. Insurance Co. of No. America, supra, declined to follow Jones v. Heymann, at least in part, because of the intervening decision of the Supreme Court in Motor Club *269 of America Ins. Co. v. Phillips, 66 N.J. 277 (1974). Following Pasterchick requires logically not only our departure from Jones v. Heymann but from Obst v. State Farm as well.
Affirmed.
MICHELS, J.A.D. (concurring in result).
I concur in the result reached by the majority. However, I respectfully disagree with that portion of the majority opinion which rejects the holding of Jones v. Heymann, 127 N.J. Super. 542 (App. Div. 1974), and Obst v. State Farm Mut. Auto. Inc. Co., 123 N.J. Super. 60 (Ch. Div. 1973), aff'd o.b. 127 N.J. Super. 458 (App. Div. 1974), that the provision of the uninsured motorist endorsement in the victim's own insurance policy requiring corroboration for "hit-and-run" accidents without contact is both valid and enforceable and not violative of public policy. I am of the view that such holding is sound, notwithstanding our recent decision to the contrary in Pasterchick v. Insurance Co. of No. America, 150 N.J. Super. 90 (App. Div. 1977).
I would affirm the judgment of the Law Division substantially for the reasons expressed by Judge Miller in his written opinion reported in 145 N.J. Super. 152 (Law Div. 1976). I would simply add that in "hit-and-run" cases brought under N.J.S.A. 39:6-78 and N.J.S.A. 39:6-79 of the Unsatisfied Claim and Judgment Law the Director of the Division of Motor Vehicles has "available to him any and all defenses which would have been available to said operator or owner or both if the action had been brought against them or either of them and process upon them or either of them had been duly served within this State * * *." See N.J.S.A. 39:6-81. This action was barred by plaintiffs' failure to institute suit within the two-year period provided by the applicable statute of limitation. Cf. Lewis v. Englehardt, 79 N.J. Super. 171, 176 (Law Div. 1963).
NOTES
[1] There is a dispute, resolved against plaintiff by the trial judge, as to whether the notice substantially complied with the requirements of N.J.S.A. 39:6-65. We merely note the issue without resolving it since its resolution is not required for decision of the essential question here presented.