163 N.J. Super. 270 (1978)
394 A.2d 877
PAULINA FERNANDEZ, JOSE FERNANDEZ AND EUGENIO BEROVIDES, PLAINTIFFS-RESPONDENTS,
v.
SELECTED RISKS INSURANCE COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 26, 1978.
Decided October 30, 1978.
*272 Before Judges LYNCH, CRANE and HORN.
Mr. Douglas S. Brierley argued on behalf of appellant (Messrs. Schenck, Price, Smith & King, attorneys).
Mr. Bruce R. Fadem argued on behalf of respondents (Messrs. Fadem & Liberman, attorneys).
The opinion of the court was delivered by CRANE, J.A.D.
Defendant appeals from a final judgment of the Chancery Division which declared that the Uninsured Motorist Endorsement on a policy issued by defendant affords coverage to plaintiffs and ordered defendant to proceed to arbitrate plaintiffs' claims. Plaintiffs have cross-appealed from that part of the judgment which denied them counsel fees.
The case was considered by the trial judge without hearing testimony since the facts were undisputed. The essential facts are that while plaintiff Jose Fernandez was living in New Jersey in 1974 he procured an insurance policy from defendant covering his 1969 Mercury and his 1964 Chevrolet. During the period of coverage Paulina Fernandez, Jose's *273 wife, and Eugenio Berovides, Jose's brother-in-law who resided in the Fernandez household, were injured in an automobile collision with an uninsured vehicle in Atlanta, Georgia. At the time of the collision Paulina and Eugenio were riding in an uninsured vehicle owned and operated by Eugenio.
Defendant admits that each of the plaintiffs is in the status of an insured under the policy. Defendant contends however that coverage must be denied because of the terms of an exclusion in the policy which reads as follows:
This insurance does not apply:

* * * * * * * *
(b) to bodily injury to an insured while occupying a highway vehicle (other than an insured highway vehicle) owned by the named insured, any designated insured or any relative resident in the same household as the named or designated insured, or through being struck by such a vehicle, but this exclusion does not apply to the named insured or his relatives while occupying or if struck by a highway vehicle owned by a designated insured or his relatives.
[Part I, Exclusion (b)]
In essence, the clause excludes coverage when an insured is occupying an uninsured vehicle whether the same is owned by him, a designated insured or any relative resident in the same household. The essential question we must determine is whether the exclusionary clause is violative of the requirement of N.J.S.A. 17:28-1.1 that an automobile liability policy issued in this State must include coverage
* * * for payment of all or part of the sums which the insured or his legal representative shall be legally entitled to recover as damages from the operator or owner of an uninsured automobile ... caused by accident and arising out of the ownership, maintenance or use of such uninsured or hit and run automobile anywhere within the United States or Canada. [Emphasis supplied]
We are of the view that as a matter of statutory construction the clause in question seeks to place a limitation on the coverage afforded which is not sanctioned by N.J.S.A. *274 17:28-1.1. The statutory language must be read literally and the policy provisions viewed in the light of the broad protection mandated by the statute. Motor Club of America Ins. Co. v. Phillips, 66 N.J. 277, 292-298 (1974).
We have heretofore said that the scope of coverage required to be contained in a policy by the statute may not be any less than that afforded by the Unsatisfied Claim and Judgment Fund Law, N.J.S.A. 39:6-61 et seq. Beltran v. Waddington, 155 N.J. Super. 264 (App. Div. 1978). It does not follow, however, that the Legislature intended that the coverage be identical. Phillips, supra, 66 N.J. at 293. An injured party is prohibited from recovering from the Fund if at the time of his injury he was operating or riding in an uninsured vehicle. N.J.S.A. 39:6-70(d); Robson v. Rodriguez, 26 N.J. 517 (1958). But he is not precluded from recovering a judgment against the operator or owner of the other uninsured automobile. See Stupin v. Sanchez, 113 N.J. Super. 84, 85 (App. Div. 1971), aff'd. o.b. 59 N.J. 240 (1971); Lopez v. Santiago, 125 N.J. Super. 268 (App. Div. 1973). Thus, from the standpoint of their ability to recover from the operator of the other uninsured vehicle, the fact that the vehicle in which Paulina and Eugenio were riding was uninsured is irrelevant.
We find no expression of policy by the Legislature which detracts from our interpretation of the statute. A strong public policy requiring motorists to maintain insurance is evidenced by N.J.S.A. 39:6A-1 et seq., but an equally strong policy to provide broad protection for the victims of automobile accidents caused by the negligence of uninsured motorists is evidenced by N.J.S.A. 17:28-1.1; Phillips, supra.
The stated purpose of enacting L. 1968, c. 385, which contains N.J.S.A. 17:28-1.1 and N.J.S.A. 39:6-62, was twofold: to give much needed relief to the Unsatisfied Claim and Judgment Fund and to provide greater protection for the victims of uninsured motorists. Gorton v. Reliance Ins. Co., 77 N.J. 563 (1978). Under the circumstances *275 of this case, since plaintiffs were not residents of this State and the accident did not occur in this State, they are not in a position to assert a claim against the Fund. Moan v. Coombs, 47 N.J. 348 (1966); Brown v. Unsatisfied Claim and Judgment Fund Bd., 96 N.J. Super. 91 (Law Div. 1967), aff'd o.b. 101 N.J. Super. 299 (App. Div. 1968), certif. den. 53 N.J. 77 (1968). That circumstance, however, does not diminish their right to assert a claim against their own insurer based upon the uninsured motorist coverage mandated by the statute.
Read literally, N.J.S.A. 17:28-1.1 specifically and unambiguously requires an insurer to provide coverage for such sums within limits which the insured would be able to recover from the operator of an uninsured automobile whether the insured was walking, standing, running, riding a motorcycle or occupying an uninsured motor vehicle. Our view is buttressed by the rationale of Beek v. Ohio Cas. Ins. Co., 135 N.J. Super. 1 (App. Div. 1975), aff'd o.b. 73 N.J. 185 (1977), where recovery was permitted under each of two policies issued by different carriers. As we said in Beek at 135 N.J. Super. 5, "any attempt by an insurer to restrict the liability on a U M endorsement * * * is repugnant to both the intent and the meaning of the statute." The policy must be given effect in accordance with the intention of the Legislature. Saffore v. Atlantic Cas. Ins. Co., 21 N.J. 300, 310 (1956); Pasterchick v. Insurance Co. of North America, 150 N.J. Super. 90 (App. Div. 1977).
With regard to the cross-appeal, we find no mistaken exercise of discretion in denying plaintiffs' application for counsel fees and we decline to award counsel fees in connection with the proceedings in this court. See Felicetta v. Commercial Union Ins. Co., 117 N.J. Super. 524 (App. Div. 1971).
Judgment affirmed.