232 F.2d 54
 98 U.S.App.D.C. 54
 Dejon R. MAYBERRY, individually and as administratrix of the
Estate of Ray Richards, deceased, Appellant,
v.
Ruth B. R. KATHAN, and The Hearst Corporation, d/b/a Hearst
Newspapers, Washington Bureau, Appellees.
 No. 12745.
 United States Court of Appeals District of Columbia Circuit.
 Argued Nov. 30, 1955.
Decided Jan. 26, 1956.
 
 [98 U.S.App.D.C. 55] Mr. Wilton H. Wallace, Washington, D.C., with whom Messrs. Henry F. Lerch and Richard Stetson, Washington, D.C., were on the brief, for appellant.
 Mr. Jackson Brodsky, Washington, D.C., for appellee Ruth B. R. Kathan.
 Mr. William C. Koplovitz, Washington, D.C., for appellee The Hearst Corp. Mr. William J. Dempsey, Washington, D.C., also entered an appearance for appellee The Hearst Corp.
 Before WILBUR K. MILLER, BAZELON and BASTIAN, Circuit Judges.
 BAZELON, Circuit Judge.
 
 
 1
 Appellant, daughter and administratrix of the estate of Ray Richards, sued to recover $3200 paid to appellee Kathan, Richards' former wife, as the designated beneficiary of death benefits payable under a collective bargaining agreement with the Hearst Corporation, his employer. The designation, made during the period when appellee Kathan and Richards were married, was not changed after their divorce, though he had the right to do so. Appellant claims, however, that appellee waived her interest as beneficiary by virtue of a property settlement executed prior to divorce, and shortly after the designation was made, providing, inter alia, that
 
 
 2
 'Each of the parties hereto renounces and releases all right, title and interest which he or she now has or ever could have in the property, real and personal, of the other whether now owned or hearafter at any time acquired * * *.'
 
 
 3
 The trial court disagreed and entered summary judgment for appellees.
 
 
 4
 Since appellee Kathan was the designated beneficiary at the time of Richards' death, her right to take is protected unless there is convincing evidence that the property settlement was intended to divest her interest. Cf. Thomson v. Thomson, 8 Cir., 1946, 156 F.2d 581, 586, certiorari denied, 1946, 329 U.S. 793, 67 S.Ct. 370, 91 L.Ed. 679; Andrews v. Andrews, 8 Cir., 1938, 97 F.2d 485. That settlement, while comprehensive in scope, makes no specific reference to the death benefits, and there is no other evidence reflecting the intent of the parties. Absent such evidence, we have no alternative but to apply the settled principle, derived from insurance and estate law, that "general expressions or clauses in such agreements are not to be construed as including an assignment or renunciation of expectancies and that a beneficiary therefore retains his status under an insurance policy or under a will if it does not clearly appear from the agreement that in addition to the segregation of the property of the spouses it was intended to deprive either spouse of the right to take property [98 U.S.App.D.C. 56] under a will or an insurance contract of the other." Thorp v. Randazzo, 1953, 41 Cal.2d 770, 774, 264 P.2d 38, 40, quoting Grimm v. Grimm, 1945, 26 Cal.2d 173, 176, 157 P.2d 841, 843. The judgment of the trial court is therefore
 
 
 5
 Affirmed.