## 20860

Jeffrey SAPP, Appellant, v. STATE FARM AUTOMOBILE
INSURANCE COMPANY, Respondent.

(251 S. E. (2d) 745)

*Darrell Thomas Johnson, Jr.,* Hardeville, and *Blatt, Fales, Bedingfield, Loadholt, Poole, Motley & Richardson,* Barnwell, *for appellant.*

*Howell & Barnes,* Beaufort, *for respondent.*

January 24, 1979.

LITTLEJOHN, Justice:

The plaintiff brought this declaratory judgment action against his own automobile liability insurer, State Farm Mutual Automobile Insurance Company, to determine whether the uninsured motorist provisions of the policy, as required by §§ 56-9-830 and 56-9-850, *Code of Laws of South Carolina* (1976), require the insurer to pay damages growing out of a collision between the car in which plaintiff was riding and another passenger car.

The collision was caused when an unidentified motorist, driving a van truck, caused the driver of the other passenger car to swerve his car and strike the vehicle in which the plaintiff was riding. There was no physical contact between the van and either of the two colliding vehicles.

Both the statutes and the provisions of the policy require coverage for damage caused by an unknown motorist only if "[t]he injury or damage was caused by physical contact with the unknown vehicle . . .," which in this instance was the van truck.

Both the insurer and the insured moved for a summary judgment. The trial judge held that the policy did not protect the insured from damages growing out of the collision because there was no physical contact by the unknown motorist.

The plaintiff has appealed, contending (1) that the statute requires coverage, and contending (2) that if it does not, it violates the equal protection clauses of the South Carolina Constitution and the United States Constitution.

We affirmed the lower court in its holding that the insured is not entitled to recover under the terms of the statute or the policy. Clearly, "physical contact with the unknown vehicle" requires that something touch or be touched by that vehicle. The parties have agreed that there was no such touching.

To us it is clear that the legislature intended that physical contact be a condition precedent to recovery. *See Coker v. Nationwide Ins. Co.,* 251 S. C. 175, 161 S. E. (2d) 175 (1968).

We find the contention of counsel that the statute violates equal protection clauses of the State and Federal Constitutions without merit. In essence, the plaintiff argues: "The legislature has provided redress for individuals involved in accidents in which there was contact with an unidentified motorist, therefore, it must provide redress for persons who suffer damages as a result of the negligence of an unidentified motorist when there is no contact." The distinction is one which the legislature was constitutionally privileged to make. The equal protection clauses only require that the ". . . classification rests upon some difference which bears a reasonable and just relation[ship] to the legislative purpose sought to be affected." *Marley v. Kirby,* S. C., 245 S. E. (2d) 604 (1978).

The order of the lower court is affirmed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.