692 P.2d 1202

**Glen HAMMON and Ethel Hammon, husband and wife, Plaintiffs-Appellants,**

v.

**FARMERS INSURANCE GROUP and Rex L. Woolf, Defendants-Respondents.**

No. 14321.

Court of Appeals of Idaho.

Nov. 29, 1984.

Petition for Review Granted Feb. 7, 1985.

Monte B. Carlson and Lloyd J. Webb, Twin Falls (Webb, argued, Burton, Carlson, Pedersen & Paine, Twin Falls), for plaintiffs-appellants.

Richard T. St. Clair, Idaho Falls (St. Clair, Hiller, Wood & McGrath, Idaho Falls), for defendants-respondents.

BURNETT, Judge.

This case presents two issues regarding uninsured motorist coverage in an automobile insurance policy. First, does coverage extend to a claim of bodily injury allegedly caused when an unknown motorist forced the claimants' vehicle off the road? We hold that it does. Second, is potential recovery on the claim limited only to the policy issued for the particular vehicle involved in the accident? We hold that it is not. Accordingly, we reverse a summary judgment entered against the claim below and we remand for examination of the claim on its merits.

## I

Glen and Ethel Hammon sued their insurance carrier, Farmers Insurance Company, and the insurance agent, Rex L. Woolf, to obtain payment on a claim for uninsured motorist benefits. The Hammons alleged, and for the purpose of summary judgment it is assumed, that they were victims of a traffic accident caused by an unknown motorist. They maintained that the accident occurred as they were driving toward the Blackfoot Reservoir on the "Old Bone Highway" in eastern Idaho. A red pickup truck with a camper shell travelling in the opposite direction veered across the center of the roadway and forced them off the road. Although there was no physical contact between the vehicles, the accident left Mrs. Hammon permanently paralyzed in the lower portions of her body. The identity of the red pickup, or of its driver, never was discovered.

The automobile insurance carrier provided medical payments of approximately $2,000 under the policy. But the company denied uninsured motorist benefits upon the ground that such coverage was expressly limited under the policy to injury caused by vehicles known to be uninsured or by "hit-and-run vehicles" that had come into "physical contact ... with the insured or with an automobile which the insured [was] occupying at the time of the accident...." The Hammons have not disputed the company's interpretation of the policy. Rather, they argue that the "physical contact" requirement is void because it narrows the uninsured motorist protection mandated by statute.

Idaho Code § 41–2502 requires all insurance companies selling automobile liability policies to include uninsured motorist coverage, unless rejected by the insured. The statute employs the following language:

> [Coverage must be provided] in limits for bodily injury or death as set forth in section 49–1505, Idaho Code [fixing minimum liability insurance or security requirements], as amended from time to time, under provisions approved by the director of the department of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom....

Although this language is somewhat turgid, the basic legislative scheme is clear. When an insurance company sells a policy, "each person insured thereunder" is entitled to protection—in an amount not less than the minimum liability coverage—against injury, illness or death for which the insured (or his heirs) would be "legally entitled to recover" from an uninsured motorist. Thus, each liability policy, together with its uninsured motorist section or endorsement, provides two reciprocal coverages: one compensating persons to whom

the insured would be liable for harm caused while operating a motor vehicle, and the other compensating the insured for the harm he suffers as the result of an uninsured motorist's negligent operation of a vehicle.

But while the overall scheme is clear, its specific application to the instant case is murky. Neither I.C. § 41–2502 nor any of its companion sections defines an "uninsured motorist" or an "uninsured motor vehicle," except to say that the latter "includes" a vehicle insured by an insolvent carrier. I.C. § 41–2503. The statutes are silent on whether an unidentified vehicle, such as the red pickup in this case, is to be regarded as "uninsured." The Hammons urge that it should. In contrast, the insurance company asserts that it should not and that by affording coverage in relation to a "hit-and-run" vehicle, so long as there is physical contact, the company actually has broadened, not restricted, the scope of statutory protection.

## A

To put these contentions in proper perspective, it is helpful to examine Idaho's

place in the national pattern of uninsured motorist legislation. Uninsured motorist coverage emerged during the 1950's as a counterpart to compulsory liability insurance and financial responsibility laws. Each of these measures was intended to reduce the economic hardship suffered by persons injured in accidents caused by negligent and financially irresponsible drivers. *Cf. State v. Reed,* 107 Idaho 162, 686 P.2d 842 (Ct.App.1984) (discussing compulsory liability insurance). Every state now requires liability insurance carriers to provide uninsured motorist coverage.

Our research discloses that the question of whether physical contact is required to invoke uninsured motorist coverage has been addressed in forty-two jurisdictions. The results comprise a broad spectrum. At one end of the spectrum, nine states have enacted statutes specifically requiring a collision or other physical contact.[1] Fourteen other states have held that their uninsured motorist statutes, while silent as to physical contact, are not offended by insurance policies requiring contact.[2] In seventeen states with such statutes, the courts have struck down physical contact requirements imposed by insurance policies.[3] Fi-

1. Cal.Ins.Code § 11580.2(b)(1) (West Supp. 1984); Ga.Code Ann. § 33–7–11(b)(2) (Supp. 1984); Iowa Code Ann. § 516A.1 (West Supp. 1984); Miss.Code Ann. § 83–11–103 (Supp. 1984); Nev.Rev.Stat. § 690B.020 (1984); N.Y. Ins.Law § 5217 (McKinney Supp.1984); N.C. Gen.Stat. § 20–279.21(b)(3)b (Supp.1983) (requiring "collision between motor vehicles"); S.C.Code § 56–9–850 (1976); W.Va.Code § 33–6–31(e)(iii) (Supp.1984).

2. *Balestrieri v. Hartford Accident Indemnity Insurance Co.,* 112 Ariz. 160, 540 P.2d 126 (1975) (decision based in part on deletion of words "unknown motorist" from bill eventually enacted as Arizona's uninsured motorist law); *Ward v. Consolidated Underwriters,* 259 Ark. 696, 535 S.W.2d 830 (1976); *Rosnick v. Aetna Casualty and Surety Co.,* 172 Conn. 416, 374 A.2d 1076 (1977); *Prosk v. Allstate Insurance Co.,* 82 Ill. App.2d 457, 226 N.E.2d 498 (1967); *Ely v. State Farm Mutual Automobile Insurance Co.,* 148 Ind.App. 586, 268 N.E.2d 316 (1971); *Huelsman v. National Emblem Insurance Co.,* 551 S.W.2d 579 (Ky.App.1977); *Collins v. New Orleans Public Service, Inc.,* 234 So.2d 270 (La.App.1970). *Citizens Mutual Insurance Co. v. Jenks,* 37 Mich. App. 378, 194 N.W.2d 728 (1972); *Ward v. Allstate Insurance Co.,* 514 S.W.2d 576 (Mo.1974);

*Grace v. State Farm Mutual Automobile Insurance Co.,* 197 Neb. 118, 246 N.W.2d 874 (1976); *Buckeye Union Insurance Co. v. Cooperman,* 33 Ohio App.2d 152, 293 N.E.2d 293 (1972); *Smith v. Allstate Insurance Co.,* 224 Tenn. 423, 456 S.W.2d 654 (1970); *Phelps v. Twin City Fire Insurance Co.,* 476 S.W.2d 419 (Tex.Civ.App. 1972); *Amidzich v. Carter Oak Fire Insurance Co.,* 44 Wis.2d 45, 170 N.W.2d 813 (1969).

3. *Montoya v. Dairyland Insurance Co.,* 394 F.Supp. 1337 (D.N.M.1975) ("discovering" state law); *State Farm Fire & Casualty Co. v. Lambert,* 291 Ala. 645, 285 So.2d 917 (1973); *Farmers Insurance Exchange v. McDermott,* 34 Colo. App. 305, 527 P.2d 918 (1974); *Abramowicz v. State Farm Mutual Automobile Insurance Co.,* 369 A.2d 691 (Del.Sup.1976); *Brown v. Progressive Mutual Insurance Co.,* 249 So.2d 429 (Fla. 1971); *DeMello v. First Insurance Company of Hawaii, Ltd.,* 55 Hawaii 519, 523 P.2d 304 (1974); *Simpson v. Farmers Insurance Co.,* 225 Kan. 508, 592 P.2d 445 (1979); *State Farm Mutual Automobile Insurance Co. v. Maryland Automobile Insurance Fund,* 277 Md. 602, 356 A.2d 560 (1976); *Surrey v. Lumbermen's Mutual Casualty Co.,* 384 Mass. 171, 424 N.E.2d 234 (1981); *Halseth v. State Farm Mutual Automo-*

nally, two states explicitly have barred physical contact requirements by statute.[4]

Our focus is upon the two groups of states that have addressed the physical contact issue through case law rather than by statute. To understand these cases more fully, we must go beneath the surface. Uninsured motorist statutes which are silent on physical contact may be placed into two categories. *See generally* A. WIDISS, A GUIDE TO UNINSURED MOTORIST COVERAGE § 2.41 (Supp. 1981). The first type, of which I.C. § 41–2502 is an example, simply affords protection to any insured who is legally entitled to recover damages from owners or operators of uninsured motor vehicles. The statute does not mention hit-and-run drivers. The second type of statute furnishes protection in relation to uninsured motorists and it mentions "hit-and-run motor vehicles" without defining that term.

Of the fourteen jurisdictions upholding physical contact requirements, twelve have the first type of statute and only two have the second type.[5] Of the seventeen states rejecting physical contact requirements, eight have type one statutes and nine have the second type.[6] The states rejecting such requirements have concluded

(1) that even though there is no specific reference to accidents caused by unknown motorists in the uninsured motorist statute, the statutory mandate contemplates coverage for such accidents, and (2) that any provisions in the insurance contracts restricting coverage for accidents caused by unknown motorists to instances where there was a 'physical contact' is in derogation of the protective purposes of the statute.

WIDISS, *supra*, at § 2.41.

Thus, the aggregate statistics disclose a majority of states (seventeen to fourteen) now disfavoring the physical contact requirement. The type one states, as a group, lean the other direction (twelve to eight). However, within this group, the mix is changing. Until 1971, no type one state had rejected the physical contact requirement. Three—Wisconsin, Louisiana and Tennessee—had embraced it. But in 1971 the Florida Supreme Court decided *Brown v. Progressive Mutual Insurance Co., supra* note 3. The Court disapproved the physical contact requirement and observed:

> The statute is designed for the protection of injured persons, not for the benefit of insurance companies or motorists who cause damage to others.
>
> \* \* \* \* \* \*
>
> The argument that the policy requirement of physical contact is reasonable is fallacious. The only reason for such a requirement is to prove that the accident actually did occur as a claimant may say it did. This is a question of fact to be determined by the jury, or the judge if demand for jury trial is not made. If the injured party can sustain the burden of proof that an accident did occur, he should be entitled to recover, regardless of the actuality of physical contact.

249 So.2d at 430.

Other type one states have taken note of *Brown.* In the last ten years, since 1974, six more such states—Colorado, Hawaii,

---

*bile Insurance Co.,* 268 N.W.2d 730 (Minn.1978); *Soule v. Stuyvesant,* 116 N.H. 595, 364 A.2d 883 (1976); *Conklin v. Heymann,* 124 N.J.Super. 227, 305 A.2d 820 (1973); *Pasterchick v. Insurance Company of North America,* 150 N.J.Super. 90, 374 A.2d 1243 (1977); *Biggs v. State Farm Mutual Automobile Insurance Co.,* 569 P.2d 430 (Okla.1977); *Webb v. United Services Automobile Association,* 227 Pa.Super. 508, 323 A.2d 737 (1974); *Pin Pin H. Su v. Kemper Insurance Companies, Etc.,* 431 A.2d 416 (R.I.1981); *Clark v. Regent Insurance Co.,* 270 N.W.2d 26 (S.D.1978); *Hartford Accident and Indemnity Co. v. Novak,* 83 Wash.2d 576, 520 P.2d 1368 (1974).

4. *See* Or.Rev.Stat. § 743.792 (1983) and Va.Code § 38.1–381(a) (Supp.1984).

5. The states with type one statutes, whose reported decisions are listed in footnote 2, *supra,* are Arizona, Arkansas, Connecticut, Indiana, Kentucky, Louisiana, Michigan, Missouri, Ohio, Tennessee, Texas, Wisconsin.

6. The states with type one statutes, whose reported decisions are listed in footnote 3, *supra,* are Alabama, Colorado, Florida, Hawaii, Kansas, Maryland, New Mexico and Pennsylvania.

Pennsylvania, New Mexico, Maryland and Kansas—have rejected the physical contact requirement. During the same period, five other type one states—Missouri, Arizona, Arkansas, Connecticut and Kentucky—have adhered to it. Consequently, the issue now seems to be in relative equipoise among states in this category.

### B

This decade of thrusting and parrying between competing viewpoints has left the courts in type one states disagreeing on three fundamental points concerning the physical contact requirement. First, courts espousing the requirement have suggested that terms such as "uninsured motorist" and "uninsured motor vehicle" have plain meanings and that they clearly exclude unknown or unidentified drivers and vehicles. The opposing view is that these terms are ambiguous and should be construed to advance the remedial purposes of uninsured motorist coverage. As noted by the Colorado Court of Appeals, "[T]he legislature's prime concern [is] the need to compensate the innocent driver for injuries received at the hands of one from whom damages cannot be recovered." *Farmers Insurance Exchange v. McDermott*, 527 P.2d at 920. We agree with the Colorado court. We further note that from the injured party's point of view, there is no genuine distinction between harm produced by the unknown or unidentified vehicle and that produced by the financially irresponsible driver of a known, uninsured vehicle. In either case, there is no insurance carrier with whom to file a claim.

The second point of disagreement relates to an argument that the physical contact requirement deters fraud. The district court in the instant case relied upon this rationale, stating:

> Certainly the legislature did not intend uninsured motorist coverage to be so broad that the insurance companies and the courts carry a heavy burden of sorting out the valid and invalid claims.

We do not gainsay the possibility of fraud in cases where the vehicle and driver who allegedly caused an accident are nowhere to be found. But a physical contact requirement does not remove the opportunities for fraud. A fraudulent claimant can put a scratch on his car. More fundamentally, we concur in an observation by the Hawaii Supreme Court:

> [T]his court has held that the fear of a flood of fraudulent claims can not justify the judicial deprivation of a plaintiff's right to bring an independent action in tort, because the genuineness of the claim can be adequately tested by the mechanism of our adversary process. [Citations omitted.] ... [W]e here hold that the physical impact requirement can not be used by [a] defendant-insurer to defeat the insured's otherwise valid claim.

*DeMello v. First Insurance Co. of Hawaii, Ltd., supra,* n. 3, 523 P.2d at 308.

The third point of disagreement relates to the fact that in many instances, physical contact requirements have been approved by insurance commissioners of the states where insurance policies containing these requirements have been sold. This is true in the present case as well. All insurance policies in Idaho must be filed with, and approved by, the Director of Insurance. I.C. § 41-1812. The uninsured motorist statute also specifically mentions the Director. However, we do not believe these statutes make the Director's judgment final as to the validity of coverage-limiting provisions in insurance policies, especially where, as here, the insurance is legislatively mandated.

We acknowledge that the Director's construction of insurance policies is entitled to great weight and will be followed unless there are cogent reasons for holding otherwise. *See Kopp v. State*, 100 Idaho 160, 595 P.2d 309 (1979). We believe there are cogent reasons in this case for holding otherwise. The standard policy at issue here was approved by the Director in 1969. At that time, the question of physical contact had been addressed only by a handful of jurisdictions. *Brown* and its progeny had not yet appeared. The early cases favored

the physical contact requirement but, as we have seen, the recent cases suggest a shift in judicial interpretation.

■ We choose to follow the view that uninsured motorist statutes were enacted to "expand insurance protection to the public who use the streets or highways." *Simpson v. Farmers Insurance Company, supra,* n. 3, 592 P.2d at 450. A contractual requirement of physical contact "unjustifiably impedes effectuation of the statutory policy of protection for insureds against damage from the negligence of unidentified drivers." *DeMello v. First Insurance Company of Hawaii,* 523 P.2d at 310. Therefore, we hold that the physical contact requirement in the uninsured motorist section of this policy is contrary to I.C. § 41-2502. Consequently, it is void. The Hammons are entitled to litigate the merits of their claim notwithstanding the lack of physical contact with the unidentified vehicle.

## II

The next question is whether the Hammons' potential recovery is limited only to the uninsured motorist coverage in the policy issued for the particular vehicle they were occupying when the accident occurred. The district court, having ruled against the Hammons' claim on the question of physical contact, did not reach this issue. We are obliged to do so, for guidance on remand.

Mrs. Hammon's compensable injuries undoubtedly exceed the maximum recovery of $10,000 per person available on this particular policy. In search of more complete recovery, the Hammons also have claimed under the uninsured motorist section of a separate policy issued by Farmers Insurance on another vehicle which they own. The company has resisted this claim on the ground that uninsured motorist coverages in policies for different vehicles cannot be "stacked."

Each policy excludes uninsured motorist coverage for "bodily injury to an insured while occupying an automobile ... (other than an insured motor vehicle) owned by the named insured or any relative resident in the same household ...." The meaning of this exclusion must be ascertained from definitions elsewhere in the policy. The "insured" is defined as "the named insured or a relative...." This would include Mrs. Hammon. An "insured vehicle" means "the described automobile, provided the use thereof is by the named insured or relative...." Thus, the "described vehicle" is the particular vehicle named in the policy. Finally, an "uninsured motor vehicle" does not include "a motor vehicle owned by the named insured...." As to each policy, this would include vehicles named in any other policy. Taken together, the exclusion and these definitions make it clear that coverage under one policy cannot be applied to injuries suffered while occupying the vehicle named in the other policy. The Hammons admit that the policies prohibit stacking but they argue, again, that such a restriction impermissibly restricts the coverage mandated by statute. We agree.

These policies, and the insurance company's arguments in relation to the policies, contain a conceptual flaw. They treat uninsured motorist coverage as though its scope were confined to the vehicle for which liability insurance was procured. However, Idaho Code § 41-2502 establishes, as we have seen, uninsured motorist coverage that reciprocates the liability coverage. The liability coverage extends to any person injured and entitled to recover as a result of the insured's use of the motor vehicle named in the policy. The injured person need not have occupied any particular vehicle when he sustained his injury; indeed, he could have been a pedestrian. By parity of reasoning, the uninsured motorist protection extends to the insured whenever he is injured and would be entitled to recover as a result of the negligent operation of an uninsured motor vehicle. The insured need not have occupied any particular vehicle when he sustained his injury; he, too, could have been a pedestrian.

Of course, there is one respect in which the two types of coverage are different.

Idaho Code § 49–1521(b)(1) provides that a liability policy "[s]hall designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby to be granted . . . ." Liability coverage focuses upon particular vehicles. But uninsured motorist coverage focuses upon people rather than vehicles. It applies not to vehicles insured under the liability portion of the policy but to the "persons insured thereunder." I.C. § 41–2502.

■ Therefore, we hold that each of the policies before us is repugnant to I.C. § 41–2502 insofar as it purports to limit uninsured motorist coverage only to injuries sustained by the Hammons while occupying the particular vehicle named in that policy. The uninsured motorist coverages in both policies must be deemed to protect the Hammons as occupants in either of their vehicles, as pedestrians, or in any other circumstance where they suffer injury caused by an uninsured motorist.

We acknowledge that our holding is not supported unanimously by decisions in other states. Several courts have upheld the exclusion of coverage for injuries sustained while occupying an owned vehicle other than the vehicle designated in the liability portion of the policy.[7] One court has opined, "This was the risk insured against and this is what the premium was paid for." *State Farm Mutual Automobile Insurance Co. v. Williams*, 123 Ariz. 455, 600 P.2d 759, 763 (Ariz.App.1979). However, in our view, such a comment simply begs the question of whether the insurance policy conforms to a statutory mandate. It appears that a majority of courts which have addressed this question have taken the view we adopt today and have invalidated insurance policies purporting to limit uninsured motorist coverage by reference to particular vehicles.[8] Many of these cases deal with owned-but-uninsured vehicles, but their reasoning applies *a fortiori* to owned-and-insured vehicles.

7. *Owens v. Allied Mutual Insurance Co.*, 15 Ariz. App. 181, 487 P.2d 402 (1971); *Holcomb v. Farmers Insurance Exchange Co.*, 254 Ark. 514, 495 S.W.2d 155 (1973); *Safeco Insurance Co. of America v. Hubbard*, 578 S.W.2d 49 (Ky.1979); *Herrick v. Liberty Mutual Fire Insurance Co.*, 202 Neb. 116, 274 N.W.2d 147 (1979); *Beliveau v. Norfolk & Dedham Mutual Fire Insurance Co.*, 120 N.H. 73, 411 A.2d 1101 (N.H.1980); *Employers Fire Insurance Co. v. Baker*, 383 A.2d 1005 (R.I.1978); *Roe v. Larson*, 99 Wis.2d 332, 298 N.W.2d 580 (1980).

8. *Stephens v. State Farm Mutual Automobile Insurance Co.*, 508 F.2d 1363 (5th Cir.1975) ("discovering" new rule of state law); *Vantine v. Aetna Casualty & Surety Co.*, 335 F.Supp. 1296 (N.D.Ind.1971); *State Farm Automobile Insurance Co. v. Reaves*, 292 Ala. 218, 292 So.2d 95 (1974); *Aetna Insurance Co. v. Hurst*, 2 Cal. App.3d 1067, 83 Cal.Rptr. 156 (1969) (decided before statute amended to allow limitations of coverage); *Mullis v. State Farm Mutual Automobile Insurance Co.*, 252 So.2d 229 (Fla.1971); *State Farm Mutual Auto Insurance Co. v. Bass*, 231 Ga. 269, 201 S.E.2d 444 (1973); *Kau v. State Farm Mutual Automobile Insurance Co.*, 58 Hawaii 49, 564 P.2d 443 (1977); *Doxtater v. State Farm Mutual Auto Insurance Co.*, 8 Ill.App.3d 547, 290 N.E.2d 284 (1972); *State Farm Mutual Automobile Insurance Co. v. Robertson*, 156 Ind. App. 149, 295 N.E.2d 626 (1973); *Forrester v. State Farm Mutual Automobile Insurance Co.*, 213 Kan. 442, 517 P.2d 173 (1973); *Guillot v. Travelers Indemnity Co.*, 338 So.2d 334 (La.App.

1976); *Bradley v. Mid-Century Insurance Co.*, 78 Mich.App. 67, 259 N.W.2d 378 (1977), *overruling, Nunley v. Turner*, 57 Mich.App. 473, 226 N.W.2d 528, *leave den.*, 394 Mich. 816 (1975); *Nygaard v. State Farm Mutual Automobile Insurance Co.*, 301 Minn. 10, 221 N.W.2d 151 (1974); *Lowery v. State Farm Mutual Automobile Insurance Co.*, 285 So.2d 767 (Miss.1973); *Shepherd v. American States Insurance Co.*, 671 S.W.2d 777 (Mo.1984), *overruling, Barton v. American Family Mutual Insurance Co.*, 485 S.W.2d 628 (Mo.App.1972); *Jacobson v. Implement Dealers Mutual Insurance Co.*, 640 P.2d 908 (Mont.1982); *State Farm Mutual Automobile Insurance Co. v. Hinkel*, 87 Nev. 478, 488 P.2d 1151 (1971); *Fernandez v. Selected Risks Insurance Co.*, 163 N.J. Super. 270, 394 A.2d 877 (App.Div.1978); *Chavez v. State Farm Mutual Auto Insurance Co.*, 87 N.M. 327, 533 P.2d 100 (1975); *Ady v. West American Insurance Co.*, 69 Ohio St.2d 593, 433 N.E.2d 547 (1981), *overruling, Orris v. Claudio*, 63 Ohio St.2d 140, 406 N.E.2d 1381 (1980); *Cothren v. Emcasco Insurance Co.*, 555 P.2d 1037 (Okla.1976); *Bankes v. State Farm Mutual Automobile Insurance Co.*, 216 Pa.Super.Ct. 162, 264 A.2d 197 (1970); *Hogan v. Home Insurance Co.*, 260 S.C. 157, 194 S.E.2d 890 (1973); *Allstate Insurance Co. v. Meeks*, 207 Va. 897, 153 S.E.2d 222 (1967); *Federated American Insurance Co. v. Raynes*, 88 Wash.2d 439, 563 P.2d 815 (1977); *Bell v. State Farm Mutual Automobile Insurance Co.*, 157 W.Va. 623, 207 S.E.2d 147 (1974).

Having decided that the uninsured motorist coverages in this case are not limited to particular vehicles, it follows that both may be applied to the injuries sustained by Mrs. Hammon, if her claim otherwise is found to be meritorious. This conclusion is consistent with, and supported by, our Supreme Court's decision in *Sloviaczek v. Estate of Puckett,* 98 Idaho 371, 565 P.2d 564 (1977). In that case, which involved uninsured motorist coverages, the Court struck down "other insurance" coverage limitations and held that multiple coverages could be stacked. The Court observed that premiums had been paid for all of the coverages and that it was appropriate to allow recovery under each of them. Interestingly, the parties in *Sloviaczek* appear not to have disputed the underlying principle that uninsured motorist coverage applies outside the vehicle for which the liability coverage was purchased. Consequently, our holding today makes explicit what has been implicit in *Sloviaczek* since 1977.

The summary judgment entered by the district court is reversed. The case is remanded for further proceedings consistent with this opinion. Costs to appellants, Mr. and Mrs. Hammon. Attorney fees on appeal conditionally awarded to appellants under I.C. § 41–1839, in an amount to be determined by the district court if they prevail on remand. *See Paloukos v. Intermountain Chevrolet Co.,* 99 Idaho 740, 588 P.2d 939 (1978) (making conditional fee award); *Associates Discount Corp. of Idaho v. Yosemite Insurance Co.,* 96 Idaho 249, 526 P.2d 854 (1974) (construing I.C. § 41–1839).

WALTERS, C.J., and SWANSTROM, J., concur.