738 P.2d 425

**Richard MILLER, Plaintiff-Appellant,**

**v.**

**UNITED STATES FIDELITY & GUARANTY INSURANCE COMPANY, Defendant-Respondent,**

**and**

**John Doe Corporation; and John Does I and II, Defendants.**

**No. 16562.**

Court of Appeals of Idaho.

June 2, 1987.

Rehearing Denied June 30, 1987.

**956**

Gary L. Cooper, Racine, Olson, Nye, Cooper & Budge, Pocatello, for plaintiff-appellant.

David H. Maguire, Ward, Maguire, Bybee & Kline, Pocatello, for defendant-respondent.

BURNETT, Judge.

This appeal presents an issue of insurance coverage. The policy states that the insurer will pay an insured's loss if he is "hit" or "struck" by a motor vehicle. The insured seeks compensation for injuries he suffered when a horse reacted in fright to a passing truck. The insurer has denied coverage. The case comes to us on appeal from summary judgment in favor of the insurer. We affirm.

■ Our analysis begins by reciting the standard of review. When summary judgment has been entered below, we must decide whether there exist genuine issues of material fact and, if not, whether the prevailing party was entitled to judgment as a matter of law. *Robinson v. Westover*, 101 Idaho 766, 620 P.2d 1096 (1980); *Ferrel v. Allstate Insurance Co.*, 106 Idaho 696, 682 P.2d 649 (Ct.App.1984). Here, the facts are undisputed. Consequently, our inquiry is narrowed to whether the insurer was entitled to judgment as a matter of law. On this question we exercise free review.

The question turns on the meaning of the insurance policy issued to Richard Miller by United States Fidelity & Guaranty Insurance Company (USF & G). Although the policy insures primarily against motor vehicle liability, it also contains two kinds of first-party coverage. First, as required by I.C. § 41–2502, it provides uninsured motorist (UM) coverage. The statute establishes a scheme enabling an insured to receive from his own insurance company the damages he would have been legally entitled to recover from the operator of an uninsured vehicle. Under the USF & G policy, an uninsured vehicle includes any unidentified vehicle that "hits" the insured. The other kind of first-party coverage under the policy is a "personal injury protection" (PIP) endorsement. It pays the insured for any injury suffered as a "pedestrian ... struck by an automobile."

Both of these first-party coverages are invoked by Miller's claim. The truck that frightened Miller's horse never was identified; its driver did not stop to render aid when Miller was injured. In addition, Miller was a pedestrian when the accident occurred. He was leading his horse along the side of the road as the truck passed. Nevertheless, the insurer has denied coverage because the truck neither "hit" Miller within the meaning of the UM endorsement nor "struck" him within the meaning of the PIP endorsement.

Regarding the UM provision, Miller argues that the "hit" language impermissibly restricts the coverage mandated by I.C. § 41–2502. We readily agree that a "hit" requirement bars compensation in some cases that otherwise would fit within the uninsured motorist scheme. Here, if the truck was operated negligently and if such negligent operation proximately caused Miller's injury (questions we do not reach today), then Miller would be entitled to recover from the driver or owner, if known, even though the truck did not "hit" him. *See, e.g., Plauche v. Consolidated Cos.*, 235 La. 692, 105 So.2d 269 (1958). The uninsured motorist scheme would provide Miller an alternative recovery from his own insurance company, were it not for the "hit" language in the policy.

In *Hammon v. Farmers Insurance Co. of Idaho*, 107 Idaho 770, 692 P.2d 1202 (Ct.App.1984), we held that a physical contact requirement was inconsistent with the legislative policy embodied in the uninsured motorist statute. *Accord, McGlynn v. Safeco Insurance Cos. of America*, 701 P.2d 735 (Mont.1985). Later, however, a majority of our Supreme Court, having granted a petition for review, changed the result in *Hammon.* The Court held, at 109 Idaho 286, 707 P.2d 397 (1985), that a physical contact requirement in the UM provision of an insurance policy does not contravene I.C. § 41–2502. The Court said that the statute neither mandates nor prohibits UM coverage in "hit-and-run" situations. Consequently, the physical contact requirement is treated simply as a matter of contract between the insured and the insurer.

■ We are constrained to follow our Supreme Court's decision in *Hammon.* A physical contact requirement may be inserted into a UM endorsement issued in Idaho. We deem it clear that the "hit" language in the instant policy represents just such a physical contact requirement. *See, e.g., Lawrence v. Beneficial Fire & Casualty Insurance Co.*, 8 Ariz.App. 155, 444 P.2d 446 (1968); *Harrison v. Commercial Union Insurance Co.*, 471 So.2d 922 (La.Ct.App.1985). Moreover, the term "struck" in the PIP endorsement imposes a similar requirement of physical contact. *See, e.g., Southern Guarantee Insurance Co. v. Berry*, 560 F.Supp. 901 (N.D.Ga. 1983); *Johnson v. National Union Fire Insurance Co.*, 177 Ga.App. 204, 338 S.E.2d 687 (1985); *DeBerry v. American Motorists Insurance Co.*, 33 N.C.App. 639, 236 S.E.2d 380 (1977); *Houston Fire and Casualty Insurance Co. v. Kahn*, 359 S.W.2d 892 (Tex.1962). Consequently, Miller may not recover under either type of first-party coverage unless there was physical contact with the injury-causing vehicle.

What, then, is physical contact? It obviously includes a direct touching by a motor vehicle of the insured's body. However, it is not entirely confined to such situations. If it were, it hardly would comport with an insured's reasonable expectation of coverage. *McKay v. Travelers Indemnity Co.*, 193 N.E.2d 431 (Ohio Ct.App.1963). Rather, physical contact also includes indirect contact which occurs when a vehicle knocks an intermediate object into the insured. Indirect contact cases generally fall into two categories: "collision" and "thrown object" accidents. The typical "collision" accident occurs when car A collides with car B. Car B then strikes car C, occupied by the insured. Although there has been no direct contact between car A and the insured in car C, this type of accident satisfies the physical contact requirement of standard UM or PIP endorsements. *See, e.g., Springer v. Government Employees Insurance Co., Inc.*, 311 So.2d 36 (La.Ct.App. 1975). The "thrown object" scenario usually occurs when a vehicle propels an object at the insured, or when the vehicle strikes a stationary object such as a sign post, and the object hits the insured. The insured may recover for the injuries under a UM or PIP endorsement. *See, e.g., DeBerry v. American Motorists Insurance Co., supra* (car hit rope which then struck insured); *Maness v. Life & Casualty Insurance Co. of Tennessee*, 161 Tenn. 41, 28 S.W.2d 339 (1930) (thrown rock struck insured's eye, destroying his sight).

■ Thus, if there is a substantial nexus among the vehicle, the intermediate object and the insured, and if the transmitted force is continuous and contemporaneous, then there has been physical contact within the meaning of the policy. *See Allied Fidelity Insurance Co. v. Lamb*, 361 N.E.2d 174 (Ind.Ct.App.1977). On the other hand, there is no physical contact where errant driving by an unidentified motorist induces a response by another driver, who swerves to avoid a collision but collides instead with the insured's vehicle. *Sapp v. State Farm Automobile Insurance Co.*, 272 S.C. 301, 251 S.E.2d 745 (1979); *Coker v. Nationwide Insurance Co.*, 251 S.C. 175, 161 S.E.2d 175 (1968). Neither is there physical contact, as contemplated by the insurance policy, where the transmitted "contact" is nothing more than a molecular interaction such as sound or light energy. *E.g., Krych v. Mercury Casualty Co.*, 16 Cal.App.3d 875, 94 Cal.Rptr. 592 (1971);

*Ferega v. State Farm Mutual Automobile Insurance Co.,* 58 Ill.2d 109, 317 N.E.2d 550 (1974). To satisfy the physical contact requirement, the contact must be substantial. There must be a "meeting of three-dimensional masses having weight, density and bulk, with dimensions perceptible to the normal naked eye." *Krych v. Mercury Casualty Co., supra* 94 Cal.Rptr. at 595. The impact must continuously and contemporaneously cause a tangible object to strike the insured, causing him injury.

■ In the present case, Miller has alleged that the unidentified truck passed him at high speed, blowing "dust and debris." His horse became frightened. It reared and fell on Miller. He contends that this chain of events satisfies the physical contact requirement. Although the argument is well made by capable counsel, we disagree. The truck touched nothing except, perhaps, the blowing "dust and debris." Miller has not alleged that such "dust and debris" struck him and caused his injury, nor that its force pushed the horse into him. Rather, it induced fright, and the horse's reaction produced the injury.

The physical link between the truck and Miller's injury was so attenuated that it could not be deemed substantial. *Compare Page v. Insurance Co. of North America,* 3 Cal.App.3d 121, 83 Cal.Rptr. 44, 50 (1969) (describing "dust and rocks" blown by vehicle as merely a "symbolic touching."). Accordingly, we conclude that Miller was not "hit" or "struck" by a motor vehicle within the meaning of his insurance policy.

The judgment of the district court is affirmed. Costs to respondent, USF & G. No attorney fees on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.