743 P.2d 557

**Richard MILLER, Plaintiff-Appellant,**

v.

**UNITED STATES FIDELITY & GUAR-ANTY INSURANCE COMPANY, Defendant-Respondent,**

and

**John Doe Corporation; and John Does I and II, Defendants.**

No. 16562.

Supreme Court of Idaho.

Sept. 30, 1987.

## ORDER DENYING PETITION FOR REVIEW

The Appellant having filed a PETITION FOR REVIEW and supporting BRIEF on July 20, 1987 of the Court's Opinion released June 2, 1987; therefore, after due consideration,

IT IS HEREBY ORDERED that Appellant's PETITION FOR REVIEW be, and hereby is, DENIED and the dissent on Denial of the Petition for Review by Bistline, J., be, and hereby is, RELEASED.

BISTLINE, Justice, dissenting on denial of Petition for Review.

The Court is presented with a petition that we review the Court of Appeals opinion in *Miller v. U.S.F. & G. Insurance Co.,* 112 Idaho 955, 738 P.2d 425 (Ct.App.1987). With the petition is a well-written and persuasive supporting brief. We also have before us the scholarly well-written opinion from the Court of Appeals which makes it quite clear that the Court of Appeals, and likely the trial court as well, would have decided the case differently—solely a question of insurance contract interpretation—if *Hammon v. Farmers Insurance Group,* 107 Idaho 770, 692 P.2d 1202 (Ct.App.1984) was controlling rather than this Court's decision in the same case on a *granted petition for review,* 109 Idaho 286, 707 P.2d 397 (1985).

As has often been stated, in the business of this Court, three always beats two. Other than for a determination made by this Court and successfully lobbied through the legislature, this building—designed and constructed with offices for seven justices—would now have seven justices, and four would beat three. By this idle fantasy I mean to suggest that, while we do not have seven justices, we do have eight appellate jurists. Five of those jurists are of the opinion that the Court of Appeals correctly decided the *Hammon* case. The views of Justice Huntley and myself are found at p. 289 of 109 Idaho, and p. 400 of 707 P.2d. Much of what was said in those opinions, majority and minority views, need not be repeated. The rationale of the majority opinion was simply phrased in the minority opinion:

To know whether or not the vehicle was uninsured, the argument continues, one must prove the identity of the driver and establish that the vehicle was uninsured. It follows, so the majority concludes, that unidentified motor vehicles are not included under the Idaho statute as uninsured motor vehicles. The flaw in this rationale is that it begs the essential question: from the perspective of the victim, what is the scope of the term "uninsured"?

In reality, the scope of the uninsured motorist coverage statute is a question worthy of the most careful consideration. In contrast with the majority, the Court of Appeals comprehensively addressed the question.

Justice Huntley and I endorsed the Court of Appeals opinion, and saw little need to add much of other courts and writers. We did espouse a philosophy advanced by the Court of Appeals:

Insurance companies ought not be able to so easily avoid the obligation of the coverage offered under the mandate of I.C. § 41–2502 which the insured purchases.

Unfortunately, insurance companies after today may avoid their obligations with the good graces of the majority decision. Indeed, insurance companies may presently believe themselves in "good hands" under the auspices of the Idaho Supreme Court, a "good neighbor" if ever there was one. The die has been

cast by a majority of this Court choosing to set policy, rather than ascertain legislative policy; consequently, if Idahoans are to obtain the benefit of uninsured motorist coverage where hit-and-run drivers are involved, the legislature must spell it out. 109 Idaho at 292, 707 P.2d 397.

To date, I am not aware that the legislature took any action in the last two very busy legislative sessions. Hopefully, when it does, it will be guided by Judge Burnett's scholarly opinion in *Hammon*.

Meanwhile, the score being as it is, it would be encouraging were one of the majority of three on this Court to relent, and vote to grant this petition so that we can review a question very important to insurance procedures in Idaho. One unfortunate day may come along when a member of this Court, or a family member thereof, or even a whole family, while driving on a fast highway with slush on the highway, or rain coming down in sheets, or a blizzard of snow crossing the highway—and lo! a huge truck-trailer pulling two trailer rigs passes—and a blinded motorist goes across the fog line and into oblivion. But, no physical contact of object with object, and the insurance company will deny coverage citing the majority opinion in *Hammon*.