746 P.2d 1061

Wayne **JOHNSON, Individually, and as Personal Representative of the Estate of Dale Lee Johnson, Plaintiff–Respondent,**

v.

**Gale Ann JOHNSON, Defendant–Appellant.**

No. 16777.

Court of Appeals of Idaho.

Dec. 4, 1987.

Simon S. Martin (Hansen, Beard, Martin & St. Clair, Ctd.), Idaho Falls, for defendant-appellant.

Blair J. Grover (Grover & Walker, Chartered), Rigby, for plaintiff-respondent.

BURNETT, Judge.

This is an appeal from a summary judgment declaring that the proceeds of an Individual Retirement Account (IRA) belong to the estate of the deceased depositor rather than to his former spouse. The dispositive question is whether the former spouse, who has been listed as the account beneficiary, waived any claim to the account as part of a property settlement agreement during the divorce. The district court held that she did. Constrained by current Idaho case law, we affirm.

The essential facts are undisputed. In 1981, Dale and Gale Johnson, then husband and wife, contracted with the Idaho First National Bank to open two IRAs, one in the name of each spouse. Dale's account named him as depositor and Gale as the beneficiary upon his death. Subsequently, the Johnsons were divorced. Pursuant to stipulation, a divorce decree was entered in the magistrate division of the district court dividing the couple's property. The decree incorporated a property settlement, signed by the parties, awarding to Dale the IRA for which he was the named depositor. The decree recited that the IRA and other items of property were awarded "for his

sole and separate use and benefit, free and clear of any claims of [Gale]." The decree further ordered the parties to "sign all necessary documents ... to accomplish the above described property division." Similarly, Gale retained the IRA for which she was the named depositor. Dale died less than three years later without changing the name of the beneficiary listed on his IRA contract.

Shortly after Dale's death, the personal representative of his estate brought suit against Gale Johnson, seeking a declaration that the proceeds from Dale's IRA were part of the estate. Gale Johnson counterclaimed for a judgment declaring that the account belonged to her as the named beneficiary. On cross-motions for summary judgment, the district court ruled in favor of the estate. Gale appealed.

Our analysis begins by reciting the standard of review. When summary judgment has been entered below, we must decide whether there exist genuine issues of material fact and, if not, whether the prevailing party was entitled to judgment as a matter of law. *E.g., Miller v. United States Fidelity & Guaranty Insurance Company,* 112 Idaho 955, 738 P.2d 425 (Ct.App.1987). Here, the facts are undisputed. Consequently, our inquiry is narrowed to whether the estate was entitled to judgment as a matter of law. On this question we exercise free review.

Gale makes two arguments in support of her claim to the retirement account. First, she asserts that the IRA should be treated as a multiple-party account—specifically a "payable on death" or "POD" account— pursuant to sections 15-6-101(10) and 15-6-104(b) of the Idaho Uniform Probate Code. Second, she contends that she did not waive her interest in the IRA by executing the property settlement agreement that was incorporated into the divorce de-

cree. The district court held the divorce decree to be controlling:

> The [property settlement] agreement between Dale Lee Johnson and Gale Ann Johnson as to the ownership of the I.R.A. account in question clearly and without any ambiguity provided for the ownership of that account by Dale Lee Johnson. The express agreement was accepted by the trial court as evidenced by its decree distributing the ownership of the said I.R.A. account to Dale Lee Johnson. Clearly, the ownership of this I.R.A. account was vested in Dale Lee Johnson by express agreement and court decree.

The court implicitly held that Gale had waived any future claim she might have as a beneficiary of the account. For reasons to which we now turn, we think this holding is consistent with Idaho case law but is open to question.

Preliminarily, we note that the IRA does not lend itself to facile labeling. It arguably contains elements of a "POD" account, of a multiple-party account, of a trust account, and even of a life insurance policy.[1] However, the characterization of the IRA is not important. For even if the IRA were a "POD" account, as Gale claims, the question would remain as to whether she waived any rights as a beneficiary during the divorce proceedings. We now focus on that question.

Prior to his death, Dale owned all the rights to the IRA. He could have removed all the funds deposited. He had complete control—after the divorce, at least—over the designation of a beneficiary. Conversely, Gale owned no rights to the IRA. She had no property interest. She had nothing more than an inchoate expectancy—a contingent interest as a beneficiary in the event of Dale's death. Nevertheless, it is important to recognize that such an inter-

---

1. The IRA is a private retirement plan created by Congress in 1974 to allow tax-deferred savings, the balance of which becomes payable to the depositor at age 70½. 26 U.S.C. § 408(a). The bank serves as the trustee of the account corpus. 26 U.S.C. § 408(a)(1). The IRA depositor may name a beneficiary. In this case, the IRA contract provided as follows:

   If the depositor dies before his entire interest in the custodial account is distributed to him ... the entire interest of the remaining undistributed interest shall, within five years after the depositor's death or the death of the surviving spouse, be distributed in a single sum or be applied to purchase an immediate annuity for the beneficiary or beneficiaries of the depositor or his surviving spouse.

est existed and that it was separate from an ownership interest in the IRA itself. The question, then, is whether Gale waived this interest when she signed the property settlement agreement incident to the divorce.

"Waiver is the voluntary intentional relinquishment of a known right or advantage." *Scott v. Castle,* 104 Idaho 719, 725, 662 P.2d 1163, 1169 (Ct.App.1983). In this case the estate had the burden of proving that Gale intended to relinquish, and knew she was relinquishing, her expectancy interest as a beneficiary of the IRA. The estate argues that this burden is satisfied, ipso facto, by the property settlement agreement. The estate relies upon *Beneficial Life Insurance Co. v. Stoddard,* 95 Idaho 628, 516 P.2d 187 (1973).

In *Stoddard* our Supreme Court was asked to decide whether a decedent's estate or the named beneficiary of a life insurance contract should receive the death benefits. There, as here, the named beneficiary was the decedent's former wife. There, as here, a property settlement agreement incident to divorce awarded the husband the life insurance contract. The Court declared that "the beneficiary's interest in the policy may be terminated by a property settlement which *may reasonably be construed as a relinquishment* of the spouse's rights to the insurance." (Emphasis added.) *Id.* at 629, 516 P.2d at 188. The language of the agreement in *Stoddard* differed somewhat from the language of the stipulation before us today. For example, it expressly used the word "waiver." But we will not endeavor to distinguish *Stoddard* from our case by straining at semantics. The agreement in the present case provided that the IRA would be awarded "free and clear of any claims." This language "may reasonably be construed as a relinquishment," within the meaning of *Stoddard.* Accordingly, we think *Stoddard* is dispositive here.[2] There-

fore, we hold that Gale waived her rights as a beneficiary of the IRA.

The judgment of the district court, declaring that the IRA belongs to Dale Johnson's estate, is affirmed. Costs to respondent. No attorney fees on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.

---

2. We recognize that some state courts and commentators are presently taking a more rigorous view of the requisites for a valid waiver. *See, e.g., Matter of Estate of Schleis,* 97 N.M. 561, 642 P.2d 164 (1982); *Aetna Life Insurance Co. v. Wadsworth,* 102 Wash.2d 652, 689 P.2d 46 (1984); 4 G. COUCH, CYCLOPEDIA OF INSURANCE LAW § 27.115 at 791–92 (2d ed. rev. 1984). However, we are constrained by *Stoddard* unless or until the Supreme Court reexamines the issue.