**ESTATE OF John R. BOWDEN, Jr., Appellant,**

v.

**Nancy ALDRIDGE, Appellee.**

No. 90–579.

District of Columbia Court of Appeals.

Argued May 29, 1991.
Decided Aug. 13, 1991.

Robert A.W. Boraks, Washington, D.C., *for* appellant.

Pamela J. Coveney, with whom Kevin O. Faley, Washington, D.C., was on the brief, for appellee.

Before FERREN, STEADMAN and SCHWELB, Associate Judges.

STEADMAN, Associate Judge:

This action was brought by appellant Estate of John R. Bowden, Jr., to determine the lawful beneficiary of life insurance benefits and the proceeds of an Individual Retirement Account ("IRA"). The trial court granted summary judgment to appellee Nancy Aldridge, the divorced former wife of the decedent, relying on *Mayberry v. Kathan*, 98 U.S.App.D.C. 54, 232 F.2d 54 (1956). We affirm.

I

Decedent John Bowden and appellee Nancy Aldridge were married in July of 1979. In 1983, Bowden purchased a group health insurance policy which contained life insurance coverage of $10,000. Bowden named Aldridge as the beneficiary. In April of 1984, Bowden opened an IRA and designated Aldridge as beneficiary in the event of his death. On November 19, 1984, the two separated. On January 31, 1985, they entered into a Separation and Property Settlement Agreement. They were divorced on June 17, 1986. On November 24, 1988, Bowden died intestate.

Bowden's estate filed a complaint seeking to impose a constructive trust on the insurance benefits, which had already been paid to Aldridge, and for a declaration of rights with respect to the IRA. The trial court, treating Aldridge's Super.Ct.Civ.R. 12(b)(6) motion to dismiss as a motion for summary judgment, entered judgment for appellee. Noting that under *Mayberry v. Kathan*, 98 U.S.App.D.C. 54, 232 F.2d 54 (1956), a separation and property agreement does not divest a former spouse of her interest as a designated beneficiary absent "convincing evidence" that it was intended to deprive the named beneficiary of that interest, the trial court held that the Agreement did not meet this test.[1] We agree.

---

1. The trial court also characterized this require-   ment as one of an "express waiver" or "explicit

## II

■ Appellant's argument to us, as to the trial court, is that the provisions in the Agreement in fact did constitute the convincing evidence of intent demanded by *Mayberry* or at least were sufficiently unclear to preclude summary judgment.[2] In *Mayberry*, the daughter of the decedent sought to recover from her father's former wife death benefits paid to her as the designated beneficiary under a collective bargaining agreement. The property agreement in question in *Mayberry* provided in part that:

> Each of the parties hereto renounces and releases all right, title and interest which he or she now has or ever could have in the property, real and personal, of the other whether now owned or hereafter at any time acquired ...

The agreement did not specifically address whether the decedent's ex-wife was renouncing her designation as beneficiary of death benefits. The court held that the former wife's right to the benefits was protected "unless there is convincing evidence that the property settlement was intended to divest her interest," and that it must "clearly appear from the agreement that in addition to the segregation of the property of the spouses it was intended to deprive either spouse of the right to take property under a will or an insurance con-

tract of the other." *Id.* 232 F.2d at 55–56 (citations omitted).[3] The court found that the agreement evinced no such intent and affirmed the trial court's judgment for the ex-wife.

Appellant characterizes the language in *Mayberry* as "brief and generalized" and contends that, in comparison, the separation agreement at issue is comprehensive in scope. Appellant cites us to *Sorensen v. Nelson,* 342 N.W.2d 477 (Iowa 1984), where the Iowa Supreme Court construed a stipulation, the stated intent of which was to make a "full, complete and final and permanent settlement of all [the parties'] property rights and interests," as terminating a former spouse's expectancy interest as the named life insurance beneficiary. If *Sorensen* were controlling, it might be dispositive in appellant's favor. However, in light of *Mayberry*, we must agree with the dissent in *Sorensen* which would have allowed the former spouse to take as named beneficiary because, like here, "[a]lthough the language in the present stipulation is sweeping, it is also general." *Id.* at 481.

■ As appellant concedes, "there is no specific reference to or disclaimer of Aldridge's status as designated beneficiary" of the life insurance benefits in the Agreement. The Agreement does make reference to IRAs as a class in paragraphs ten and sixteen,[4] but these provisions focus on

disclaimer." On the facts of this case, we see no distinction in the several phraseologies.

2. No relevant facts were in dispute. Therefore, the only issue was whether, in light of controlling law, the agreement was capable of only one interpretation, and hence the movant entitled to judgment as a matter of law. Super.Ct.Civ.R. 56(c); *Dodek v. CF 16 Corp.,* 537 A.2d 1086, 1092–93 (D.C.1988).

3. Although the law is not uniform in the nation, many recent cases have applied the same principle. See Annotation, *Property Settlement Agreement as Affecting Divorced Spouse's Right to Recover as Named Beneficiary under Former Spouse's Life Insurance Policy,* 31 A.L.R. 4th 59 (1984). The trial court here set forth reasons supporting the rule in those jurisdictions following it: "One is that a third party beneficiary of a contract, even a contingent one, should not be divested of a right without clear evidence of such intent." *Manhattan Life Ins. Co. of New York v. Evanek,* 762 F.2d 319, 321 (3d Cir.1985).

Such interests are viewed as expectancies only, similar to those of a legatee under a will, thus requiring a specific waiver. *Costello v. Costello,* 379 F.Supp. 630, 632–633 (D.Wyo.1974). There is some suggestion that the fact that the interest arises from the contract rather than from the marital relationship is a consideration in the requirement of an explicit waiver. *Id.* at 632. There is the fact that a former spouse who does not change the designation of beneficiary after execution of a separation agreement and divorce does [may?] not intend to do so."

4. Those paragraphs, so far as relevant, provide:
    10. *Stocks, Bonds, Mutual Funds, IRAs, etc.* The parties acknowledge and agree that they do not hold joint title to any stocks, bonds, money market funds, mutual funds, or Individual Retirements Accounts. The parties further acknowledge and agree that all stocks, bonds, mutual funds, money market funds or Individual Retirement Accounts currently titled in his or her sole name shall remain their parties' sole and separate property.

ownership rights in a property division upon divorce, make no express reference to any particular asset, and do not include a waiver of any contractual expectancy interests.[5] Such general statements as the parties relinquish any claim to, inter alia, "any other assets of the other" are no broader than that in *Mayberry*. In short, the Agreement may be comprehensive in its disposition of a wide range of property holdings, claims, and obligations, but the trial court correctly held that it is not sufficient under *Mayberry* to reach expectancies of the type at issue here.[6]

*Affirmed.*

16. Each party releases the other party from any obligation for alimony, support or maintenance from him or her. Each party accepts the provisions herein in full satisfaction of all obligations for support or otherwise arising out of the marital relationship of the parties, and each relinquishes any rights or claims cognizable pursuant to Title 16, Section 16–910, D.C.Code as now in effect or as hereafter amended or any similar act ... including without limitation, any claims to the earnings, business interests, accumulations, appreciation, money, property, IRA accounts, retirement or pension rights of the other, or any other assets of the other whether heretofore or hereafter acquired....

Section 14 of the Agreement, also invoked by appellant, is a release relating only to rights and claims "arising out of or by virtue of the marital relation of the parties." It makes no mention of any particular property.

5. Thus, such cases as *Johnson v. Johnson*, 113 Idaho 602, 746 P.2d 1061 (1987), cited by appellant, cannot be controlling, in light of *Mayberry*.

As *Johnson* itself acknowledges, "[w]e recognize that some state courts and commentators are taking a more rigorous view of the requisites for a valid waiver." *Id.* 746 P.2d at 1063 n. 2 (citations omitted).

6. Indeed, as the trial court noted, the Agreement specifically states that "Nothing herein, however, shall constitute a waiver of either party to take a voluntary bequest or bequests under the will of the other." Paragraph 14. With respect to wills, under the doctrine of revocation by implication of law recognized in D.C.Code § 18–109(a) (1989), a divorce and accompanying property division, whether by the court or agreement, automatically revokes any existing will's bequest to the former spouse, without regard to any actual intent of the testator. *Estate of Liles*, 435 A.2d 379 (D.C.1981). Appellant does not argue that this doctrine might be extended to either of the interests involved here, and we do not reach that issue.